W. O. Parish v. John B. White.

No. 298.

**1. Notice — Doctrine not Applicable.** — Appellant and appellee exchanged lands, and the title to the tract conveyed to appellee failed by reason of a prior vendor's lien thereon, under which it was sold after the exchange. He sued appellant to recover back his own tract, and prayed, if this relief was denied, for judgment for its agreed value and the enforcement of a vendor's lien thereon for such value. *Held*, that the doctrine of notice arising from circumstances sufficient to have put appellee upon inquiry as to the prior outstanding lien had no application in this case, where appellant, who created that lien, was sued for breach of his covenant of warranty that the land was unincumbered.

**2. Deed — Restriction of Word "Grant."** — The implied force of the word "grant" as a warranty against a prior incumbrance by the grantor, is not taken away by the use of the words, "release and quitclaim" in the concluding clause of the deed, and the restriction of the warranty to claims through or under the grantor.

**3. Vendor's Equitable Lien.** —Where plaintiff's title to land received by him in exchange for other land has failed, and he sues defendant on his covenant of warranty for its agreed value, and asks the enforcement of a vendor's lien against the tract he had conveyed to defendant, no question as to the creation of such lien by verbal contract is involved; and the judgment of the lower court declaring and foreclosing a vendor's lien as prayed for, is affirmed.

Appeal from Clay.    Tried below before Hon. George E. Miller.

This was a suit of trespass to try title, instituted by appellee against appellant, and to rescind a contract previously entered into between them for the sale, or the exchange, of certain lands owned by them respectively. Appellee's petition alleged fraudulent representations made by appellant, to the effect that the lands traded and conveyed by him to appellee were free from encumbrance, whereas in fact there was a vendor's lien on said lands, and the title thereto had completely failed by reason of said lien; wherefore he sought to recover back the lands he had conveyed to appellant. That the consideration for which he conveyed his lands to appellant was the conveyance by appellant to him of the lands afterwards discovered to be subject to said lien; and that in making such exchange, each tract was estimated at, and it was agreed that it was worth, the sum of $275. That by reason of such failure of the title, the consideration for which he had conveyed his lands to appellant had wholly failed; and he prayed to recover the lands so conveyed to appellant; and in the event he could not have this relief, then for a judgment against appellant for $275, the value of said lands, with foreclosure of a vendor's lien thereon for said sum.

Appellant answered by general denial and plea of not guilty, and specially pleaded, among other things, that at the time of the trade between him and appellee, the latter was fully cognizant of all the facts in the premises, and had full knowledge of the existence of the indebted-

ness afterwards declared to be a lien on the lands conveyed to appellee. That appellant had only executed to appellee a quitclaim deed for said lands, and had in no way warranted against the encumbrance thereon. That the contract to protect him against said encumbrance, pleaded by appellee, was only verbal, and affecting the title to land, was within the statute of frauds, and null and void.

The case was tried before the court without a jury, and resulted in a judgment in favor of appellee for $275 and costs, with foreclosure of a vendor's lien on the lands conveyed by appellant to appellee, as prayed for. The trial court's conclusions of fact and law are sufficiently indicated in the opinion, and shown in the briefs of counsel, as here given.

*Templeton & Patton*, for appellant.—1. The court erred in finding, "that the plaintiff was not aware of the existence of said lien, and had, prior to December 12, 1888, inquired of said defendant, W. O. Parish, if said land was subject to any lien, and the defendant informed him that it was not." The evidence was sufficient to charge White with notice of Salter's claim against the land conveyed to White, and the court should have so found. Bacon v. O'Connor, 25 Texas, 213; Wade on Notice, secs. 10, 11, 12, 19, 30; Jackson v. Stockbridge, 29 Texas, 394.

2. The court erred in finding, "that by the use of the word 'grant' in the deed from W. O. Parish to John B. White was implied that the 129 acres of Cooke County school land was free from encumbrances." The rule implying a covenant that the land conveyed is free from encumbrances, from the use of the word "grant" or "convey," does not obtain where the parties themselves have inserted an express covenant in the deed, nor where there are other words used in the deed which show that such was not the intention of the parties. Rev. Stats., arts. 553, 557, 558; McIntyre v. De Long, 71 Texas, 86; White v. Street, 67 Texas, 177; Rhode v. Alley, 27 Texas, 442; Douglass v. Lewis, 9 Pac. Rep., 377; Weems v. McGaugan, 7 Sm. & M., 422; Finlay v. Steele, 23 Ill., 56; Collier v. Gamble, 10 Mo., 473; Vanderkarr v. Vanderkarr, 11 Johns., 122; Brown v. Smith, 5 How., 387; Cruise on Real Prop., 449.

3. The court erred in his conclusion of law, that the consideration for the land in controversy had wholly failed, and "that by reason of such failure, the plaintiff was entitled to a judgment against the defendant for the sum of $275, together with a foreclosure of the vendor's lien on said land." Such conclusions are not supported by the evidence adduced on the trial of the cause nor by the facts found by the court. In order to create a vendor's lien against the land, the debt to secure which such lien is claimed must have been contracted for and as a part of the purchase price of said land, and in the absence of a contract to this effect, either expressed or implied, no such lien can exist. Wynn v. Flannegan, 25

Texas, 778; Malone v. Kaufman, 38 Texas, 455; Swain v. Cato, 34 Texas, 395.

*Barrett & Eustis*, for appellee.—1. The words " grant, bargain, sell," etc., that are in the conveyance from W. O. Parish to John B. White, is a conveyance in fee simple, with covenant from the grantor for himself and his heirs, to the grantee, his heirs, and assigns, that previous to said conveyance the grantor has not conveyed the same estate, or any right, title, or interest therein, to any other person than the grantee, and that such estate is free from encumbrance. Rev. Stats., arts. 551, 557, 558; Cruger v. Ginnuth, 3 Willson's C. C., sec. 26; 2 Dev. on Deeds, 953; Lindsay v. Freeman, 18 S. W. Rep., 729; Richardson v. Levi, 67 Texas, 359.

2. The vendor of land has an equitable lien upon it for the unpaid purchase money, which exists independent of contract. Flanagan v. Cushman, 48 Texas, 244; Perry v. Woodson, 61 Texas, 229; Joiner v. Perkins, 59 Texas, 302; Dean v. Hudson, 1 Posey's U. C., 369.

STEPHENS, ASSOCIATE JUSTICE.—The objections taken by appellant to the conclusions of law and fact upon which judgment went against him can not be sustained. They are therefore approved and adopted as our conclusions.

The ninth conclusion, though not objected to, in order to better conform to the statement of facts, should read: That immediately after the exchange of deeds, appellant made known to appellee the existence of the vendor's lien on the land conveyed by the former to the latter, and promised him protection against it, upon the faith of which appellee took possession under his deed; and that when suit was brought to foreclose this lien, appellee notified appellant, who wrote appellee, requesting him to pay the debt, promising reimbursement, but he was unable to comply with the request.

The doctrine of notice arising from circumstances sufficient to provoke inquiry, as contended for in the first assignment of error, has no application in this case. The purchaser at the foreclosure sale could have invoked such a principle in a suit against appellee to recover the property so sold; but not appellant, who created the lien, when sued for a breach of his covenant that the property was unencumbered.

The contention of the second assignment, that the implied force of the word "*grant*" was taken away by the concluding clause of quitclaim, or special warranty, must also be denied. This clause reads, " and I bind myself, my heirs, executors, and administrators, to release and quitclaim unto the said John B. White against every person whomsoever lawfully claiming the same or any part thereof through or by me."

This probably restricted the covenant to encumbrances created by or through the grantor, and the cases relied on by appellant would seem

to be authority to that extent, but, we think, no further, viz.: McIntyre v. De Long, 71 Texas, 86; Rhode v. Alley, 27 Texas, 442. Subsequent words in a deed should be very explicit to have the effect of withdrawing from the scope of the granting clause an encumbrance of the grantor's own creation.

The further contention, that the vendor's lien arises by operation of law, and can not be created by verbal contract, has no application here. The suit was not brought on the verbal stipulation of appellant, but on a broken covenant, and to recover land, or the value thereof, conveyed to appellant by appellee, for which nothing had been received in exchange.

The judgment for the value of the land as agreed upon in the exchange, with foreclosure of the vendor's lien, seems warranted by the case of White v. Street, 67 Texas, 177.

Judgment affirmed.

*Affirmed.*