## S. Q. Richardson v. C. M. Overleese et al.

Delivered November 27, 1897.

1. **Suretyship—Joint Surety Released, How.**

A joint surety may, by agreement at the time, be released without releasing the others from their proportionate part of the liability.

2. **Evidence—Written Contract—Immaterial Error.**

The admission of oral evidence of the intent of a written contract, it being the same intent as expressed on the face of the writing, is immaterial.

3. **Community Property—Additional Bond by Survivor.**

Where a survivor in community had given a bond as such, and afterwards filed an additional inventory, stating an omitted item of property, and without any further order of court had given an additional bond for such item only, it was without authority, and did not release the first bond.

4. **Same—Liability for Homestead Property.**

The sureties on the husband's bond as survivor in community are liable to the wife's heirs for one-half the value of the homestead sold by him after the execution of the bond, it being community property.

**5. Same—Evidence—Recitals in Deed.**

In an action upon a community property bond for one-half the value of the property sold by the survivor, the recitals of the price of the property in the deed executed by the survivor are admissible in evidence.

**6. Same—Inventory of Community Debts.**

In such an action it was not error to exclude a certified copy of a list of community debts attached to the appraisement of the community property by the survivor, the statute not authorizing the filing of such list, and there being no evidence that the survivor had paid the debts.

**7. Same—Labor of Minor Children Chargeable Against Expense of Their Support.**

Where the labor and services of minor children, rendered to their surviving father, who is insolvent, are of value equal to the cost of their support, he is not entitled to charge such cost against their interest in the community property inherited by them from their mother.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*J. M. McCoy* and *Kearby & Muse*, for appellant.—1. The absolute release of one co-obligor upon a joint obligation operates to discharge from liability the remaining co-obligors. Bank v. Bates, 76 Texas, 329.

2. If, subsequent to the execution of the bond by the appellant as surety (sued on), G. M. Overleese, in compliance with the order of the probate court, did execute a new bond as survivor of the community estate of himself and wife, then appellant is released from all liability on the bond he executed from and after the date said new or other bond was accepted and approved by the County Court. Rev. Stats., arts. 1956, 1973-1975, 2229; Williams v. Robinson, 65 Texas, 576-582; Mfg. Co. v. Ponder, 82 Texas, 653.

3. The recited consideration in the deeds of conveyance was not evidence of market value, and no legal basis of liability or recovery.

*R. L. Carlock* and *McCormick & Spence*, for appellees J. D. Overleese et al.—1. Where a release is given to one of several joint obligors, the other obligors are not released entirely, but are responsible for their proportionate part of the obligation. Bates v. Bank, 32 S. W. Rep., 339; Bank v. McAnulty, 31 S. W. Rep., 1097; same case, 33 S. W. Rep., 963; Miller v. Sullivan, 35 S. W. Rep., 362.

2. The order of the probate court upon the approval of the bond of a survivor in community, investing him with full authority, in his discretion, without further action of the probate court, to control, manage, and dispose of the community estate as to him may seem best. invests him with the right of disposition of all said community estate, whether inventoried or not, and imposes upon him and his bondsmen the obligation of accounting to the heirs and distributees for all the community estate thereafter received and converted by said survivor, whether inventoried or not. Huffman v. Schmidt, 73 Texas, 586; Rev. Stats., art. 2227; Conlier v. Cage, 44 Texas, 534; Witheron v. Adams, 4 Texas Civ. App., 445; Green v. Grissom, 53 Texas, 432.

3. There is no provision of statute authorizing the county clerk in this

State to require the giving of an additional bond on the part of a community survivor to cover additional property, as was done by Overleese in this case. In the absence of a statute providing for the taking of such a bond, no validity attaches to it. 7 Am. and Eng. Encyc. of Law, 215; Schoul. on Ex., sec. 148.

4. The deeds executed by Overleese were properly admitted in evidence, and while the recited considerations therein contained were not conclusive, they afforded prima facie truth of the facts therein stated.

5. The court did not err in refusing to allow in evidence the pretended list of claims attached to the original inventory, purporting to be a list of debts against the community estate of George M. Overleese and wife, paid by said George M. Overleese out of his separate funds, because said pretended list was no part of the inventory prescribed by statute, not embraced in the oath of the survivor, and because the same were self-serving declarations.

*D. G. Woolen* and *W. C. Kimbrough,* for appellees Illingsworth and Bond.—There being no provisions in our statutes permitting or requiring an "additional bond" to cover property brought in by an "additional inventory," no liability attaches to such bond as a statutory bond or obligation. Rev. Stats., arts. 1981, 2225, 1977, 1974, 1975, 1976, 2229, 1956, 1949, 1953, 1955; Willis v. Furgerson, 46 Texas, 497; Little v. Birdwell, 21 Texas, 598, 607; Carrol v. Carrol, 20 Texas, 733, 745; Bradshaw v. Mayfield, 18 Texas, 22, 27; White v. Shepperd, 16 Texas, 164; Messner v. Giddings, 65 Texas, 301; Pierce v. Wallace, 48 Texas, 399; Johnson v. Erskine, 9 Texas, 1; Wooters v. Smith, 56 Texas, 198; Leona Co. v. Roberts, 62 Texas, 615.

RAINEY, ASSOCIATE JUSTICE.—The plaintiffs in this suit are the children and only heirs at law of their deceased parents, G. M. Overleese and Viola F. Overleese. Their mother, Viola F., died intestate November 8, 1884. At the time of her death there was community property belonging to her and her said husband, G. M. Overleese. Said G. M. Overleese qualified as survivor of the community property, and took charge thereof and sold the same. The plaintiffs brought this suit against his bondsmen to recover their one-half interest in said estate. Judgment was rendered in their favor in the court below against appellant, S. Q. Richardson, and he appeals.

*Conclusions of Fact.*—The plaintiffs, G. M. Overleese, Flora B. Overleese, John D. Overleese, and Thomas G. Overleese are the surviving children of G. M. and Viola F. Overleese. On November 8, 1884, Viola F. Overleese died, leaving surviving her husband, G. M. Overleese, and the children heretofore mentioned. G. M. Overleese qualified as survivor of the community property by executing his bond, with P. S. Browder, George Ellis, and S. Q. Richardson as sureties. At the same time he filed an inventory and appraisement of said community estate, showing

the following property, namely: Lots 9 and 10 in block 3 of Hank's addition to the city of Dallas, Texas, valued at $800; improvements thereon valued at $2200; household and kitchen furniture valued at $800; total $3800. The bond executed by G. M. Overleese was for the sum of $3800, payable and conditioned as required by the statute, and approved by the county court. There was a tract of land of $117\frac{1}{2}$ acres belonging to said community estate, which was not inventoried and appraised, the same being omitted in the first inventory.

In September, 1886, said G. M. Overleese reported to the county court the omission of the $117\frac{1}{2}$ acres of land, and asked that he be allowed to inventory the same, and that he be authorized to execute an additional bond to cover said land in the sum of $2000. Said application was granted by the court, and an order made requiring him to execute an additional bond in the sum of $2000 to cover said land, which additional bond was executed with W. Illingsworth and D. M. Bond as sureties thereon, and the same was approved by the county judge.

On March 13, 1886, G. M. Overleese executed a deed conveying to S. Q. Richardson the Dallas city property, reciting a cash consideration of $6000; and on September 4, 1886, he executed a deed for the $117\frac{1}{2}$ acres of land, conveying the same to S. Q. Richardson, reciting a cash consideration of $2500. Though said deeds recited a cash consideration, the lands were in fact traded for property at Grand Saline, which was valued at $30,000, the difference being represented by vendor's lien notes executed by G. M. Overleese, who defaulted in their payment, and the Grand Saline property was sold in satisfaction thereof, and purchased by appellant Richardson.

After the death of Viola F. Overleese, in 1884, the plaintiffs continued to live with their father, G. M. Overleese, on the Dallas city property, until it was sold to appellant Richardson, when G. M. Overleese and the plaintiffs moved to Grand Saline, where they resided a year or so, when they returned to the city of Dallas, where G. M. Overleese died, in September, 1889. The $117\frac{1}{2}$ acres of land was rented up to the time of its sale, the rental value being $350 per annum. At the date of the mother's death the real estate was worth about the value given it in the inventory. At the date of the sale of the property by G. M. Overleese it was worth the amounts expressed in the deeds. After G. M. Overleese moved to Grand Saline he became insolvent; but there was no testimony that he was unable to support the children. It was estimated by witnesses that it would cost from $20 to $25 per month to clothe the children. It was further shown that he kept no servant, and his second wife and the children did the work, the two girls helping their stepmother. The work of the children was worth as much as the hire of a servant. On G. M. Overleese's return from Grand Saline his eldest girl acted as clerk and typewriter in his office. There was no account kept by him as to what community debts he paid, or what he received for rents, or otherwise. It was shown, however, that in 1886 he paid one community debt of $17.

*Conclusions of Law.*—It was shown that George Ellis, one of the first bondsmen, was dead, and on suggestion of his death, the case abated as to him. The plaintiffs made an agreement with the defendant P. S. Browder, releasing him from liability on the bond; specifying in said agreement, however, that said release should not operate as a release of S. Q. Richardson as to his proportionate part that might be recovered on said bond. In accordance with this agreement no judgment was rendered against said Browder; and of this action appellant complains. There was no error in this action of the court.

We think it well settled in this State that by agreement one joint surety may be released without releasing the others, the original understanding at the time being that the others are not to be released as to their proportionate part of said indebtedness. There can be no question as to the terms of the agreement, which was in writing, that it was the intention of the parties to release only Browder, and to charge appellant Richardson with his proportionate share of the liability. Bates v. Bank, 32 S. W. Rep., 339; Bank v. McAnulty, 31 S. W. Rep., 1097.

The court permitted the witness Word to testify what the intention of the parties was when they made the agreement of release. This testimony was objected to on the ground that the agreement being in writing, parol evidence was not admissible to explain or contradict it. The effect of Word's testimony was, that the intention of the parties was to release only Browder and to retain Richardson. This was nothing more than the terms of the original agreement itself; and if error at all, it was harmless.

It is contended by appellant that by reason of the execution of an additional bond by G. M. Overleese, with Illingsworth and Bond as sureties, appellant was thereby released from liability on his bond, and no recovery could be had against him. We think there was no warrant of law for the execution of the second bond by G. M. Overleese, and the same was of no force and effect. There is no provision in our statute which requires or authorizes the giving of an additional bond. The statute prescribes that when certain conditions exist the survivor can be required to give a new bond; but when a new bond is required under the statute, the law requires that the probate court shall enter an order releasing the sureties on the old bond, except for wastes that have occurred during the life of the old bond before the new bond was taken. Rev. Stats., art. 1956. In this case there were no steps taken whatever to require a new bond to be given. It seems that Overleese and his attorney deemed it essential to give another bond to cover the property embraced in the additional inventory; and the probate court seems to have entertained this same view. In this we think there was error. When a husband qualifies as community survivor he becomes vested with power to deal with the community property without the interference of courts, except under certain contingencies, and this power to manage and control relates to all community property whether it is inventoried or not, and he and his bondsmen are responsible to the children for their in-

terest remaining after the payment of community debts and necessary expenses. Rev. Stats., art. 2227; Huppman v. Schmidt, 65 Texas, 583; Connely v. Cage, 44 Texas, 534; Witherspoon v. Adams, 4 Texas Civ. App., 445; Green v. Grissom, 53 Texas, 432.

It was the duty of Overleese to file an additional inventory of the land that had been omitted from the original inventory, but the filing of the additional inventory did not authorize the court to require an additional bond, as the original bond was sufficient to cover all the property.    If the court had thought the original bond insufficient to cover the property of the estate, then it was its duty to have required a new bond; but no such action was taken, and the additional bond was therefore without effect, and there was no error in the court's instructing the jury that the appellant, as surety on the original bond, was responsible for his proportionate share of the waste committed of the property.

We think there was no error in the court's instructing the jury that the parties were liable on their bond for one-half of what the property sold for and interest thereon from date of sale.    When Overleese sold the property he then and there became liable to the children for their part of the same; and it makes no difference that part of the property was a homestead.    While he would be entitled to the use of the homestead during his lifetime, yet when he disposed of the same and invested the proceeds for his own use, he became responsible to the children for their interest in the same, with legal interest from the time of such sale. Linsky v. Kerr, 34 S. W. Rep., 765; Aiken v. Jefferson, 65 Texas, 157.

Nor was there error in the court's permitting the jury to consider the recitations in the deeds as to the value of said real estate.    While such recitals are not conclusive as to value, we think the same were legal evidence and proper to be considered by the jury.    Wright v. Street, 67 Texas, 177.

The court did not err in refusing to admit in evidence the list of claims against the community estate of G. M. Overleese and wife, which formed a part of the certified copy of the inventory and appraisement of said estate.    It seems that when G. M. Overleese filed his inventory and appraisement he appended thereto what purported to be a list of claims against the community estate of himself and wife, aggregating $1081.    There is no statute requiring such a list of claims to be filed with the inventory and appraisement; nor is there any rule of evidence known to us which makes such a list evidence for the party making it.    Besides, there was no evidence showing that said claims had been paid, and it was not error for the court to exclude the consideration thereof from the jury.

It is contended by appellant, in effect, that G. M. Overleese being insolvent, he was entitled to charge the children up with what expenses he incurred for their support and maintenance, and that he was entitled to their services and would not have to account for the value thereof.

As a general rule, the father is entitled to the services of his minor

children. This is founded on the principle that he is liable for their support and maintenance. But when he becomes unable or ceases to support and maintain them, then he is no longer entitled to their services. As their guardian, if unable to support and maintain them, he would be authorized to use their estate for that purpose; yet he is not authorized to charge them up with the amount expended for support and maintenance and not account for the value of their services, if any. Wood's Mast. and Serv., secs. 11, 12.

The evidence in this case shows that the community property was disposed of by G. M. Overleese some years before he became insolvent; and further shows that the children lived with him and worked for him, and there is nothing to show that by their joint labor they failed to make a support; nor is there any evidence tending to show that he made any charge against them whatever for support and maintenance. Taking the evidence as a whole, we think the jury were fully justified in finding the amount of the verdict which they did against appellant.

We are of opinion that the additional bond executed by Overleese, with Illingsworth as one of his sureties, was not authorized by law, and that no recovery can be had against him on the same as a statutory bond; and if anything, it could only be a common law bond. But whether or not it was a common law bond, we deem it unnecessary to determine; for if it was such it would in no way affect the rights of appellant.

We find no reversible error committed by the court upon the trial, and as the evidence justifies the judgment, it is affirmed.

*Affirmed.*

Writ of error refused.