## J. D. Letcher v. A. A. and J. W. Reese et al.

Decided December 15, 1900.

**1. Vendor's Lien—Exchange of Land—Unliquidated Damages—Lis Pendens.**

In the case of an exchange of lands with general warranty of title, a vendor's lien does not exist upon the land received by one of the parties to satisfy a judgment based upon a claim for unliquidated damages for fraudulent representations as to the land conveyed by him, and the pendency of an action for such damages and to foreclose such a lien was no notice whatever to a subsequent purchaser from such party of the land so received.

**2. Same—Lis Pendens.**

Where the claim for a lien on the land was first set up in such action for damages by an amended petition, the lis pendens, if operative at all, could only, as to the lien, date from the filing of such amendment, which set up a new cause of action.

Appeal from Jones. Tried below before the Hon. N. R. Lindsey.

*H. T. King* and *C. M. Christenberry,* for appellant.

*Word & Charlton, T. L. Stanfield, C. H. Steel,* and *A. H. Kirby,* for appellees.

HUNTER, Associate Justice.—This suit was brought by appellant Letcher, against the appellees A. A. Reese, J. W. Reese, and H. C. Hale, to recover $2000 on the covenants of general warranty contained in the respective deeds of conveyance made by the two Reeses to Hale, and by Hale to Scarborough, for lots 3 and 4 in block 48 in the town of Anson, Jones County, Texas, it being alleged that Letcher bought all of Scarborough's title and interest in the lots at execution sale whereat he paid $500 for them; and further that the title had failed in that he had been ejected from lot 3, and that he had to buy in the outstanding title to lot 4, which neither the Reeses nor Hale ever had. He was ejected, it was alleged, under a judgment rendered the 9th day of August, 1895, in the District Court of Jones County, in favor of J. M. Witt, against C. D. L. Newsome, the suit having been filed July 21, 1891, in which suit said Witt alleged in his original petition that he had been damaged in the sum of about $1600 by the false and fraudulent oral representations of the said Newsome in the sale of a certain tract of land lying in Jones County, in that Newsome pointed out to him the west and south lines of said tract, and that they did not run as thus pointed out, whereby he failed to get on the west side of the tract a strip of fine land 85 yards wide worth $500 which Newsome represented was included in the tract, and on the south the true line extended over some rocky, broken, and worthless lands, whereby he was damaged $561, when Newsome had represented that the line did not extend to said bad land. It was alleged that Newsome conveyed the land to Witt with covenants of general warranty, and that the consideration paid by Witt was $5700, and that $2000 of it was paid by Witt's conveyance, under covenants of general warranty, of the two lots named. It was further alleged that Newsome was insolvent and unable to respond in damages should judgment be obtained against him, and prayer was made that Witt have a lien declared and enforced on the two lots for whatever judgment he might obtain. The record shows that on the 23d day of February, 1892, Witt filed an amended petition, but it fails to indicate what allegations it contained, or the purpose of the amendment. Judgment was rendered, as before stated, on the 9th day of August, 1895, in favor of Witt for $1600 with foreclosure of a vendor's lien on the lots named, and lot No. 3 was sold under order of sale issued thereon, sale made, and on the 9th day of No-

vember, 1895, Letcher was ejected of possession of lot No. 3 under said order of sale.

Before the filing of the aforesaid amended petition of Witt, viz., on the 12th day of February, 1892, Newsome sold and conveyed with covenants of general warranty the two lots to the Reeses, for an expressed consideration of $2000, and from this the title went to Hale, and from Hale to Scarborough and from Scarborough to Letcher by constable's deed, as before stated.

In this case Letcher insists on his right to recover from the remote warrantors named the full amount of $2000, notwithstanding he only paid $500 for the lots. His suit is based also upon the theory that the Reeses bought from Newsome with notice of the pendency of the suit to foreclose a vendor's lien on the lots, and consequently they, and all holding under them down to and including himself, are bound by the judgment under which he was ejected.

The case was tried by the court without a jury and judgment rendered for the defendants below, and Letcher has appealed on a statement of facts made out and certified to by the district judge.

The facts are as stated above, except that there was no evidence as to what Letcher paid for the lots at the constable's sale, except the recitals in his deed; nor was it proved what amount the Reeses paid Newsome for the lots; nor what Hale paid the Reeses, nor what Scarborough paid Hale, except by the recitals in the deeds, executed by them respectively, which showed in each case $2000.

The main question in this case is whether, at the date of Newsome's sale of the lots to the Reeses, the pendency of Witt's suit against Newsome for damages resulting from the false representations stated, would be notice to the Reeses of the vendor's lien afterwards decreed and foreclosed in that suit?

It has been held in this State that in the exchange of lands under general warranties of title, if the title to one tract or any part of it fails, the grantee may sue the grantor on his covenant of warranty, and that he has a lien in the nature of a vendor's lien on the land he conveyed to his grantor to satisfy his damages. It has also been held that in cases of fraud entitling the grantee to a rescission of the sale or exchange, that equity will, in addition to restoring him to the possession of his lands, give him a lien on the land he received to cover any cash payments made or damages sustained.

But we have been unable to find any case, and the learned counsel for appellant have cited none, where any court has ever declared a vendor's lien to exist upon the land received by the grantor to satisfy a judgment based upon a claim for unliquidated damages growing out of false and fraudulent representations concerning the lands conveyed to the grantee; and we believe it would be against public policy to engraft such a principle upon the jurisprudence of this country.

We therefore conclude that the claim set up in the petition of Witt for a lien on the lots to secure him in the payment of whatever damages he might recover in that case, was without law or equity to sustain it,

and the parties purchasing from Newsome were justified in so treating it; that such a claim in an action for unliquidated damages for false representations was no notice whatever to the purchasers that any vendor's or other lien existed on the lots named and would be foreclosed by the judgment in that suit.

It is contended by appellant that on this trial it was error to allow the appellees to introduce the original petition in Witt's suit against Newsome, which was the only pleading of Witt's in the suit at the time Newsome sold to the Reeses, and that only the judgment in that case could be looked to to determine what the issues in the case were. But we can not agree with the learned counsel in this contention. Unless the suit as made by the pleadings on file at the time the Reeses bought was of such a nature as to authorize the court to declare and foreclose a lien on the lots, no amendment changing the nature of the case would affect a purchaser who took title before such amendment was filed. In this case the amendment which was filed, upon which a lien was declared and foreclosed, must necessarily have been an amendment setting up an entirely new cause of action, and in that case the lis pendens could only date from the filing of the new cause of action or suit.

The decision of this question we think renders it unnecessary to pass upon the other assignments of error. The judgment is affirmed.

*Affirmed.*