### SMITH et al. v. PRICE et al. (No. 6315.)

(Court of Civil Appeals of Texas. Austin. March 16, 1921. Rehearing Denied April 27, 1921.)

1. Trespass to try title ⚫⟳6(1)—Plaintiff could not recover in statutory action, where her mother's deed to a defendant recited cash consideration.

In the statutory action of trespass to try title for the recovery of land and for damages it was necessary for plaintiff to show she had either legal or equitable title to the land described in her petition; and, where her mother's deed to the land to a defendant recited a cash consideration, neither the legal nor the superior title which arises from express reservation of lien to secure payment of the purchase money remained in the mother, or in plaintiff through her.

2. Vendor and purchaser ⚫⟳302—On failure of consideration through foreclosure of mortgage on land received, seller could recover value.

Where land was sold partly for cash and partly for other land, the seller not knowing of mortgage on such other land created by the buyer conveying it as part payment, and such mortgage was foreclosed, the seller could sue for the value of the land lost through the foreclosure, with legal interest from the time it was sold.

3. Vendor and purchaser ⚫⟳254(4)—Seller entitled not only to money judgment for failure of consideration, but also to judgment fixing lien on land sold.

Where land was sold partly for cash and partly for other land, and the seller did not know of mortgage on such other land created by the buyer conveying it, and such mortgage was foreclosed, the seller could sue, not only for a money judgment, but also unless the right of a third party had intervened for a judgment fixing a lien on the land sold.

---

⚫⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Limitation of actions ⬤⟹127(13)—Amended petition held to have stated new cause of action.**

In suit in statutory form of trespass to try title, for the recovery of land and for damages, plaintiff suing as heir of her mother, who had conveyed the land to defendant, partly for cash and partly for other land, which, unknown to plaintiff's mother, was mortgaged, which mortgage was subsequently foreclosed, second amended petition, whereby plaintiff sought recovery of the land conveyed by her mother, or, in the alternative, the value of the land conveyed by defendant, lost by the foreclosure, and a foreclosure of her equitable lien therefor upon the land conveyed by her mother, *held* to state a new cause of action.

**5. Limitation of actions ⬤⟹174(2)—For statute to run against cestui under disability, legal title must be in trustee.**

If legal title is in administrator, he holds it in trust for the heirs subject to rights of creditors of decedent's estate, and in such event, irrespective of disability, the cestui que trust is barred when the trustee is barred; but the statute of limitations will not run against a cestui que trust laboring under a statutory disability, such as coverture, where the legal title is not in the trustee, until such disability is removed.

**6. Executors and administrators ⬤⟹49—Legal title to debt of seller against buyer descended to heirs.**

Under Rev. St. art. 3235, on death of a seller of land, legal title to her debt against the buyer descended to her heirs, and was never in her administrator.

**7. Descent and distribution ⬤⟹90(1)—Failure of administrator to bring suit authorized heir to sue.**

Failure of administrator of the seller of lands partly for cash and partly for other land, mortgage on which, created by the buyer conveying it, was foreclosed, so that the consideration failed, to bring suit until the cause of action against the buyer was barred, authorized the seller's daughter, as her heir, inheritor of the debt against the buyer, to bring suit, though the administrator may not have been discharged.

Appeal from District Court, Lampasas County; F. M. Span, Judge.

Suit by Laverne Smith and others against J. H. Price and others. From judgments for defendants, plaintiffs appeal. Reversed, and cause remanded for new trial.

T. S. Alexander and Roy L. Walker, both of Lampasas, for appellants.

M. M. White, of Temple, and W. H. Browning, of Lampasas, for appellees.

JENKINS, J. The 291 acres of land, situated in Lampasas county and described in appellants' petition, was the community property of R. B. and Emma Hines. Appellant was a daughter of said parties. R. B. Hines died in 1904. Emma Hines qualified as the survivor of the community estate in March, 1907. On April 7, 1911, Emma Hines conveyed the 291 acres of land to J. H. Price, for the recited consideration of $3,740 cash, and the assumption of a note for $1,600. In fact, a part of the consideration paid by Price was a warranty deed to Emma Hines to 155 acres of land in Hamilton county, which was valued in said transaction at $2,973. The Hamilton county land had theretofore been mortgaged by Price to A. L. Higdon for $3,000, which mortgage had been duly recorded in Hamilton county. Mrs. Hines did not assume the indebtedness against this land, and did not know of its existence. Mrs. Hines died February, 1914. Walter Walker qualified as the administrator of Emma Hines in 1914. He has never made a final report as such administrator.

Higdon foreclosed his mortgage against the Hamilton county land, and the same was sold under judgment of foreclosure June 5, 1915, for less than the mortgage debt. The administrator Walker was made a party to the foreclosure suit.

Appellant married January 28, 1916, at which time she was 19 years of age. She filed her original petition herein, for the recovery of the Lampasas county land, March 24, 1919. This petition was in the statutory form of trespass to try title, for the recovery of said land, and for damages.

She filed her first amended original petition September 19, 1919, which was likewise in trespass to try title, in which she specially pleaded her title as heir of Emma Hines, and also that the defendants were claiming said land under a deed from Emma Hines, a part consideration for which was the deed to the Hamilton county land, which she was induced to accept through the fraudulent representations of defendant Price, the title to which had failed; wherefore she alleged that she was entitled to recover the Lampasas county land, or its value, which was asserted to be $8,730.

On November 22, 1919, appellee filed her second amended petition, in which she sought to recover the Lampasas county land, and in the alternative the value of the Hamilton county land, on the warranty of Price.

On April 21, 1920, appellant filed her third amended original petition, which was the same as the second amended original petition, with the alleged facts somewhat amplified.

The case was tried before the court without a jury. The court held that appellants' cause of action was barred by the 4-years statute of limitation, and upon that ground rendered judgment against appellant.

### Opinion.

[1] Under the facts as above set out, appellant could not have recovered upon the allegations of her original petition, though

---

appellees had not pleaded limitation, for the reason that it was necessary to such recovery to show that she had either legal or an equitable title to land described in her petition. As her mother's deed to the same recited a cash consideration, neither the legal nor the superior title which arises from the express reservation of a lien to secure the payment of the purchase money remained in her.

[2] Under the facts of this case, unless barred by the statute of limitation, appellant had the right to recover the value of the Hamilton county land, as agreed upon in the transaction between her mother and Price, with legal interest thereon from the time that the Hamilton county land was sold under the foreclosure proceedings, but she did not sue for same in either the original or in her first amended original petition.

[3] In her second amended original petition, appellant, in addition to suing to recover the Lampasas county land, alleged the facts as to the deed to the Hamilton county land being executed in part payment of the Lampasas county land, and the sale of the same under the judgment foreclosing the mortgage thereon, and prayed in the alternative for a money judgment on the warranty, and a foreclosure of her equitable lien on the Lampasas county land. Unless she was barred by limitation, she was entitled to a money judgment as prayed for, and, unless the right of a third party had intervened, to a judgment fixing a lien on such land. White v. Street, 67 Tex. 177, 2 S. W. 529; Parish v. White, 5 Tex. Civ. App. 71, 24 S. W. 572; Seibert v. Bergman, 91 Tex. 411, 44 S. W. 63; Richardson v. Overleese, 17 Tex. Civ. App. 376, 44 S. W. 310; McElyea v. Faires, 79 Tex. 246, 14 S. W. 1060, 12 L. R. A. 93; Meyer v. Smith, 3 Tex. Civ. App. 37, 21 S. W. 996; note, 24 Am. St. Rep. 298; Fagan v. Hook, 134 Iowa, 391, 105 N. W. 155, 111 N. W. 982.

[4] It follows from what we have said that our holding is that the second amended petition set up a new cause of action. The eviction having occurred June 5, 1915, and the second amended original petition having been filed on November 22, 1919, the cause of action therein alleged was barred by the 4-years statute of limitation, if the same ran against appellant from the date when the cause of action arose. On the other hand, as appellant was a minor until her marriage January 28, 1916, if the statute ran against her only from that date, her cause of action was not barred when she filed her second amended original petition, to wit, November 22, 1919.

[5] It is true that the administrator could have brought suit on the cause of action set out in appellant's second amended petition, and that, having failed to do so for more than 4 years after the accrual of same, the plea of the 4-years statute of limitation would have been effectual against him when appellant's second amended petition was filed. Had the legal title to the property sued for been in the administrator, he would have held the same in trust for the benefit of the heirs, subject to the rights of the creditors of the estate of Mrs. Hines, if any, and in such event the cestui que trust would have been barred when he was barred. But the statute of limitation will not run against one laboring under a statutory disability where the legal title is not in the trustee, until such disability is removed. Belt v. Zane Cetti, 100 Tex. 92, 93 S. W. 1000; Collins v. McCarty, 68 Tex. 150, 3 S. W. 731, 2 Am. St. Rep. 477; Lacy v. Williams, 8 Tex. 188; Middleton v. Pipkin, 56 S. W. 243; Hanks v. Crosby, 64 Tex. 483; Grant v. Anderson, 1 White & W. Civ. Cas. Ct. App. § 191.

[6, 7] Mrs. Hines might have maintained suit for the recovery of the price she paid for the Hamilton county land had she discovered that it was mortgaged for more than it was worth, by reason of which she was in danger of being evicted from same. Upon her death, the legal title to debt against Price descended to her heirs. R. S. art. 3235. Such legal title was never in the administrator. The failure of the administrator to bring suit until the cause of action was barred as against him authorized the appellant to bring this suit, though the administrator may not have been discharged.

For the reason that the trial court erred in holding that appellant was barred by the 4-years statute of limitation, the judgment is reversed, and this cause is remanded for a new trial.

Reversed and remanded.