**LIBERTO et al. v. SANDERS et al.**
**(No. 511–3946.)**

(Commission of Appeals of Texas, Section A. March 26, 1924.)

**1. Exchange of property ⊂⇒8(2, 5)—Damages recoverable for deficiency of acreage; grantor has lien in case of deficiency.**

In exchange of lands, where there is a partial failure of title or deficiency of acreage of the one tract, which is the consideration for the conveyance of the other, the grantor, whose consideration has partly failed, may recover damages as for unpaid purchase price and have an equitable lien on the land conveyed by him, as security for payment of damages recovered, which may be enforced against the original party or his grantees with notice.

**2. Exchange of property ⊂⇒8(5)—Rule of damages for deficiency of acreage in one tract stated.**

In exchange of lands, where there is a deficiency of acreage in one tract, the measure of damages is the difference between the value of the property conveyed by plaintiff and that actually received by him.

**3. Exchange of property ⊂⇒8(3) — Petition seeking equitable lien as against party's grantees good as against general demurrer.**

A petition for damages for deficiency of land received in exchange, which alleged a deficiency, that plaintiff relied on his grantor's representations as to quantity, that there was a failure of consideration to the extent of the shortage, that plaintiff was entitled to recover therefor and to the establishment and foreclosure of an equitable lien, on the land conveyed by him, that defendant's grantees claimed some interest in the property, but that such claim was inferior to plaintiff's rights therein, grantees having prior to acquiring rights in the land had notice of the facts alleged, was good as against general demurrer.

**4. Exchange of property ⊂⇒8(3)—Petition alleging untruth of representations held good as against general demurrer.**

• In action for deficiency of acreage of land received by plaintiff in exchange, allegations that defendant's representations as to acreage were untrue and that plaintiff relied thereon and consummated the exchange were good as against general demurrer claiming that petition did not show that plaintiff relied on the representations in ignorance of their falsity, or was induced thereby to consummate the exchange.

**5. Pleading ⊂⇒34(3) — On general demurrer, every intendment from petition favors plaintiff.**

On general demurrer to a petition, plaintiff is entitled to every reasonable intendment in his favor.

**6. Exchange of property ⊂⇒8(3) — Petition held to afford proper basis for measure of damages.**

In action for deficiency of land received in exchange for plaintiff's property, petition *held* good as against general demurrer as not affording proper basis for applying the correct measure of damages, in that it did not allege the actual or real value of the properties.

**7. Covenants ⊂⇒47—Vendee may hold remote vendor for failure of title only.**

Recovery cannot be had against remote vendors on covenants of warranty for failure of consideration because of shortage or deficiency, but only for failure of title.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by Frank Liberto and others against Samuel S. Sanders and others. Judgment for plaintiffs against defendant named and Stella Sanders, but dismissing petition against other defendants, was affirmed by the Court of Civil Appeals (248 S. W. 120), and plaintiffs bring error. Reversed and remanded.

R. H. Ward, of Houston, and E. D. Henry, Jno. H. Bickett, Jr., and L. M. Bickett, all of San Antonio, for plaintiffs in error.

W. T. Miller, of Gonzales, and R. P. Ingrum and Wm. Park, both of San Antonio, for defendants in error.

GERMAN, P. J. About the 7th day of December, 1915, Frank Liberto and his wife executed a deed to S. S. Sanders, conveying certain property in the city of San Antonio, the recited consideration being $12,000. On the same day Sanders and wife conveyed to Frank Liberto the John N. Ely survey of land in Ft. Bend county, Tex., described as containing 390 acres, the recited consideration being $12,000. This was in fact an exchange of properties between the parties. This suit was filed by Liberto and wife, who will be designated plaintiffs, against S. S. Sanders and wife, Stella Sanders, M. H. Davis, F. A. Houck, Ernest Fellbaum, F. M. Fly, W. J. Bright, J. C. Bright, and Gonzales State Bank & Trust Company, and some other parties who were dismissed from the case before trial. Houck and Fellbaum disclaimed.

The petition contained five counts, and asked for alternative relief as follows: (1) For rescission of the conveyances; (2) for damages for partial failure of consideration, by reason of a deficiency of 156 acres in the tract of land conveyed to Liberto, and foreclosure of equitable lien on the San Antonio property; (3) for damages against Sanders and remote vendors upon their covenants of warranty on account of failure of title; (4) for damages for deficiency in acreage; and (5) for special damages. General demurrers and certain special exceptions were sustained in favor of W. J. Bright, F. M. Fly, J. C. Bright, M. H. Davis, and Gonzales State Bank & Trust Company. The case went to trial against Sanders and wife and resulted in a money judgment in favor of plaintiffs, under the second count of the petition, for $2,-

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

451.90, being the value of 81.73 acres of land at $30 per acre. This was found by the court to be the deficiency in the tract of land conveyed by Sanders to Liberto, which had been represented to contain 390 acres. There was also judgment for $915.47 as special damages. No complaint has been made as to this judgment, but plaintiffs' appeal is in effect from the judgment of the court sustaining the general demurrers and special exceptions in favor of F. M. Fly and others. Judgment of the trial court was affirmed by the Court of Civil Appeals at San Antonio. 248 S. W. 120.

The special exceptions which were sustained by the trial court did not relate to the second count of the petition, under which judgment was rendered in favor of plaintiffs against Sanders. The court did not award a lien against the San Antonio property, on the ground, it appears, that as the property had been conveyed by Sanders to Fly, and Fly, by demurrer, had been let out of the case, the court was without authority to allow the lien and foreclose it. Plaintiffs have in no way attacked the judgment of the trial court as to the amount of damages, and do not complain that, as between them and Sanders, any error has been committed. Their assignments, as to the second count of the petition, relate solely to the alleged error in failing to allow foreclosure of an equitable lien against the San Antonio property in the hands of F. M. Fly. This question is squarely presented by the action of the court in sustaining the general demurrer. The plaintiffs have not complained that the court erred in awarding relief under the second count, rather than under some other count of the petition. Their complaint is that the court did not give them as full relief under the second count as they were entitled to receive. That they were not entitled to a rescission under the first count is well settled. Walker v. Remfro, 26 Tex. 142; Smith v. Price (Tex. Civ. App.) 230 S. W. 836. They did not pray for relief according to the third count except on the condition that they were denied relief under the first or second count. It is clear that they were not entitled to recover special damages from any of the defendants except Sanders and wife, and as to this no lien could be allowed. Letcher v. Reese, 24 Tex. Civ. App. 537, 60 S. W. 256. They got full relief as to damages. Our conclusion, then, is that we are only required to determine one question: Did the trial court err in holding that the pleadings were not sufficient to show plaintiffs entitled to an equitable lien for the damages shown under the second count (that is, damages for failure of consideration due to deficiency of acreage), or were not sufficient to show a right to foreclose this equitable lien on the San Antonio property in the hands of defendant Fly? ·

[1, 2] It is settled by numerous decisions that in case of exchange of lands, where there is a partial failure of title or deficiency in the acreage of one tract, which is the consideration for the conveyance of the other tract; the grantor, whose consideration has partly failed, is entitled to recover damages from the other party as for unpaid purchase price, and he will have an equitable lien on the land conveyed by him as security for the payment of the damages recovered. This equitable lien may be enforced against the original party, or against third parties who have acquired the land with notice of the lien. The measure of damages in such a case is the difference between the value of the property conveyed by the one party and that actually received by him in the exchange. These propositions are supported by the cases of White v. Street, 67 Tex. 177, 2 S. W. 529; Smith v. Price (Tex. Civ. App.) 230 S.˙ W. 836, and the numerous cases there cited; Foster v. Atlir (Tex. Com. App.) 215 S. W. 955, and others.

[3] The Court of Civil Appeals has correctly held that as to Sanders the petition showed a good cause of action for the recovery of damages and for an equitable lien, but we are unable to agree to their conclusions that the petition does not contain sufficient allegations authorizing an enforcement of the lien against the property in the hands of other defendants. If it be conceded that plaintiffs could not recover on warranty against remote vendors for failure of consideration arising from a deficiency, this had nothing to do with the right to enforce the equitable lien, if they took the property with notice of the facts which gave rise to that lien. The first inquiry, then, is, Did the petition sufficiently allege the facts constituting notice? Under the second count, among other things it was alleged that there was a consummated contract between Liberto and Sanders for the exchange of properties between them, upon specified values; that the property of Sanders was received upon an acreage basis at a stipulated price per acre, which was the agreed and also the actual value; that the land of Sanders lacked 156 acres of containing the agreed and specified number of acres; that Liberto relied upon the representations of the said Sanders with reference to quantity, location, etc.; that there was a failure of consideration to the extent of the shortage in acres; that Liberto was entitled to recover therefor, and to the establishment and foreclosure of an equitable lien to secure payment. The petition also alleged that Fly and the other defendants were claiming some right, title, or interest in the property, and proceeded:

"But that the said claim of right, title, or interest of each and all of said defendants in and to said San Antonio property are inferior and subordinate to the rights of this plaintiff, each and all of the defendants having, on the

said 7th day of December and prior thereto and at all times thereafter, had notice and actual knowledge of all the facts hereinbefore alleged."

As against a general demurrer, we think these allegations amply sufficient.

[4, 5] Complaint is also made that the petition was deficient because it was not shown that plaintiff relied upon the representations made by Sanders in ignorance of their falsity, or that he was induced thereby to consummate the exchange. The petition clearly shows that the representations were untrue and that Liberto relied thereon, and consummated the exchange, and we think, as against a general demurrer, the petition was sufficient, the plaintiffs being entitled to every reasonable intendment in their favor.

[6] The chief objection to the sufficiency of the petition, as against the general demurrer, is that it affords no proper basis for applying the correct measure of damages, in that it does not allege the actual or real value of either the Ft. Bend county land or the San Antonio property, but only the agreed value. These objections would be perfectly valid under numerous authorities, if the petition did not show allegations as to the real value of the properties. In paragraph 7 of the second count we find this allegation:

"That said Ft. Bend county land is and was at the date of the execution of said conveyance, and was so agreed by the parties to be, of the actual cash value of thirty ($30.00) dollars per acre."

The agreed value of the San Antonio property is alleged in numerous places to have been $12,000. In paragraph 3 of plaintiffs' first trial amendment we find this allegation: .

"That, further, in connection with each of the several counts in his petition, plaintiff avers that the San Antonio property described in said petition, conveyed by plaintiff to defendant Sanders and now held by defendant Fly, was at the time of said transactions of the actual cash and fair market value of $12,000."

We therefore conclude that the petition, as against the general demurrer, was sufficient to authorize plaintiffs to try the issue of notice or knowledge on the part of Fly and others of plaintiffs' right to foreclose the equitable lien against the San Antonio property.

We have had some difficulty in deciding what is the proper disposition to make of the case. Defendants in error contend that, as between plaintiffs in error and Sanders, who is the principal defendant, it having been determined that his remedy is for deficiency in acreage, and not breach of warranty, and the extent and value of the deficiency having been decided, plaintiffs in error are not in position to raise any question with reference to other counts of the petition. We are inclined to think that the failure of plaintiffs in error to complain of

the judgment as to Sanders and the amount of damages recovered is in effect an election on their part to abide by the decision of the trial court in limiting recovery to the second count; and we would be willing to affirm the judgment of the trial court in this regard if defendants in error themselves were willing to accept the action of the court on these issues. However, we think defendants in error have a right to litigate with plaintiffs in error the questions as to the amount of deficiency and its value, as well as to knowledge of the lien, and this requires that the case be reversed and remanded generally. This makes it necessary for us to briefly comment on other questions presented.        •

[7] The Court of Civil Appeals has correctly decided that a recovery cannot be had against remote vendors on covenants of warranty for failure of consideration because of shortage or deficiency, but only for failure of title. Without discussing the pleadings in detail, we will state that in our opinion they were sufficient, as against a general demurrer, to allege failure of title on account of conflict between the Fly survey and senior surveys.

The land in Ft. Bend county was conveyed to Sanders by M. H. Davis, whose deed contains covenants of general warranty. Plaintiffs in error sought to recover of W. J. Bright, F. M. Fly, J. C. Bright, and Gonzales State Bank & Trust Company for failure of title, on the theory that at the time Davis acquired the land and at the time he sold it to Sanders he was acting as agent for these parties, and for their special benefit; and that, by reason of having received the benefits of his contract, they were, as undisclosed principals, bound by the covenants of warranty in the deed by Davis to Sanders. They rely upon the case of Rutherford v. Montgomery, 14 Tex. Civ. App. 319, 37 S. W. 625, by the Court of Civil Appeals. However, the question was later decided by the Supreme Court in the case of Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 66 Am. St. Rep. 913, and it was there held:

"The rule that one who contracts with another whom he supposes to act for himself, but afterwards discovers to have been agent for a third party, may elect to hold such undisclosed principal upon the contract, is subject to numerous exceptions, including the case of sealed instruments such as conveyances of land at common law."

The court also holds that the statute dispensing with the necessity of affixing a seal to a deed does not change this rule. The authorities have been carefully and fully reviewed by the Court of Appeals of Missouri in the case of Donner v. Whitecotton, 201 Mo. App. 443, 212 S. W. 378, and we therefore refer to that case as further authority.

It therefore follows that the trial court did not err in sustaining the general demur-

rer to the third count as to W. J. Bright, F. M. Fly, J. C. Bright, and Gonzales State Bank & Trust Company, but did err in sustaining the general demurrer of M. H. Davis to this count. If he failed to disclose that he was acting for other parties and not for himself in making the contract, he is bound thereon as principal

We recommend that the judgment of the Court of Civil Appeals and of the district court be reversed, and the cause be remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.