STRINGER v. URQUHART. (No. 9661.)

(Court of Civil Appeals of Texas. Dallas. Oct. 23, 1926.)

Exchange of property ⚛3(1)—In suit to rescind exchange for fraud, court must ignore trade value of property.

In suit to rescind exchange contract for fraud, court must ignore inflated or trade value of all property entering into transaction and determine matters at issue on basis of real value at time of sale.

Appeal from District Court, Hunt County; J. M. Melson, Judge.

Suit by C. M. Stringer against J. L. Urquhart. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

H. L. Carpenter, of Greenville, for appellant.

Bowman & Bowman and Clark & Clark, all of Greenville, for appellee.

JONES, C. J. Appellant, C. M. Stringer, instituted this suit in the district court of Hunt county against appellee, J. L. Urquhart, and from an adverse judgment has prosecuted his appeal to this court.

Appellant alleged in his petition that he was the owner of 50 acres of land in Hunt county of the value of $5,000, incumbered for $1,500; that he made a contract with appellee to sell and convey to him this land for a consideration of $5,000, the consideration consisting of the assumption of the $1,500 lien against the property, the payment of $500 cash, the delivery to him of a secondhand Oldsmobile Eight automobile at $1,000, the transfer to him by appellee of two second lien land notes of $750 each, the lien being on 320 acres of land in the state of New Mexico, each note subject to a prior lien for $3,600 and a first vendor's lien note in the sum of $510, secured by a first lien on 40 acres of land in Hidalgo county, Tex., and that none of these notes had matured; that, if the security for these notes had been as represented by appellee the notes would have been worth their face value; that the representation in respect to these notes was false, in that the New Mexico land was incumbered by a first lien of $6,000, and the Hidalgo county land was incumbered by a first lien equal to its value, and that the first liens existing on each of these pieces of land had theretofore been foreclosed and the land sold under the judgment of foreclosure for a less sum than the first lien, and that, at the time of the transfer of his land to appellee, there was no security for these notes, the makers were insolvent, and the notes of no value whatever. The automobile was alleged to be of the value of $100 at the time the trade was made, but no allegation of fraudulent representation as to it was made. It was alleged that the $500 cash paid to appellant was secured by a second lien on the land placed for such purpose.

The petition also contains allegations of appellant's belief in, and reliance upon, the alleged false statements, and that, as soon as he discovered the fraud practiced on him he demanded of appellee a rescission of the sale, which was refused. After fully alleging the facts briefly stated above, appellant prayed for a rescission of the contract, in the alternative for a recovery for the alleged partial failure of consideration because said notes had become worthless, and, in the alternative again, for damages because of the fraud and deceit practiced upon him. After the evidence was in and before the court charged the jury, appellant elected to waive his claim for damages because of the alleged fraud and deceit.

Appellee, by general denial and by appropriate special answer, controverted appellant's allegations in each particular.

Appellant's evidence tended to establish all of his allegations, and appellee's evidence in the main was contradictory of same, thus making an issue of fact, on all the necessary elements in appellant's suit, except the fact that the liens carried by the said notes had been extinguished by the foreclosure of the prior liens and the legal sale of the property under this judgment of foreclosure; this fact being undisputed.

The case was submitted to the jury on special issues, and their findings established the fact that appellee made the representations alleged as to the value of the vendor's lien notes, as to the value of the land in New Mexico and in Hidalgo county, as alleged in appellant's petition; that these representations were made for the purpose of inducing appellant to make the contract for the sale of his said land; that the representation as to these notes and as to the value of each of the said tracts of land securing same were false; that appellant was induced by said representations to make the sale of his land; that appellant relied and acted upon these false representations in entering into and in

---

making the contract for the sale of his land; that the value of appellant's land in Hunt county at the time of the sale was $50 per acre.

Appellant duly requested the submission of an issue as to the value of the automobile at the time the trade was made, also as to the value of each of the three said vendor's lien notes at said time, which requested issues were refused by the court, and error duly assigned thereon. Appellant duly filed a motion for judgment of rescission of the contract of sale on the findings of the jury and on the undisputed testimony as to the value of the automobile and the notes. This motion was overruled and error duly assigned thereon.

At the time of the trial of this case, J. H. Barrow was the owner of the $1,500 indebtedness and the lien against the Hunt county land and also of the $500 incumbrance placed on said land by appellee, and as such owner intervened in the suit and asked for a foreclosure of his lien, alleging the maturity of the indebtedness. This claim was not controverted, and Barrow, as such intervener, was given judgment for the amount of such indebtedness and a foreclosure of his liens on the land. No appeal is prosecuted from this judgment.

It will be observed that the court permitted the jury to find the value of the property appellant parted with in the trade, but refused to permit the jury to find the value of the property appellee parted with, though the evidence showed that appellee inflated the value of his property for trade purposes more than appellant inflated the value of his land for such purpose. Manifestly there was not presented to the court a just basis upon which to determine whether appellant had suffered any loss by reason of the false and fraudulent representations of appellee. The evidence showed that in making the trade the parties placed a value of $5,000 on the land. The finding of the jury is that the real value of this land at that time was $2,500. The evidence also showed that the parties placed a value of $1,000 on the automobile. The evidence tended to show that this was greatly in excess of its real value. The court was requested to submit an issue that would have required the jury to find its real value and the evidence perhaps would not have warranted a finding that this value was in excess of $250 and would even have permitted a finding of less value. We are of the opinion that the correct rule of law required the court in a suit, either to rescind, or, for failure of consideration, to ignore the inflated or trade value of all the property entering into the trade and determine the matters at issue on the basis of the real value of the property of each party at the time the trade was made. This rule of law is sustained by the following cases: Liberto v. Sanders (Tex.

Com. App.) 259 S. W. 1080; George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Foster v. Atlir (Tex. Com. App.) 215 S. W. 955.

Believing that the issues submitted to the jury do not form a correct basis upon which judgment could be entered, it is the opinion of the court that this case should be reversed and remanded.

Reversed and remanded.