67   177
79   246

## No. 5569.

## GEORGE W. WHITE v. G. W. STREET ET AL.

1. FAILURE OF WARRANTY—EXCHANGE OF LAND.—When lands are exchanged, and the title to one of the tracts of land, which in the exchange between the parties was conveyed with general warranty, fails, a recovery may be had against the grantor for the value of the land with interest. The value as fixed and agreed on between the parties at the time of the exchange, may be regarded as the true measure of damages.

2. SAME.—In a suit to recover on a warranty of title to land, the title to which has failed, and which was received in an exchange of land for other land conveyed to the defendant, the plaintiff (when no rights of third parties intervene) may enforce his lien on the land conveyed to the defendant to the extent of the value at the time of the exchange of the land, the title to which has failed.

APPEAL from Johnson. Tried below before the Hon. Jo. Abbott.

In addition to the facts stated in the opinion, it should be stated that John W. Street, J. E. Masterson, James Syrus and B. F. Edwards were made co-defendants with Phillips, and it was alleged that the co-defendants had ejected appellant from the land to which title had failed, and that they claimed and held the same adverse to appellant.

*L. B. Davis* and *Poindexter & Padelford*, for appellant, cited Williams v. Talbot, 27 Texas, 168, 169; Gully v. Grubb, 1 J. J. Marsh, 388, 390; Pugh v. Mays, 60 Texas, 192, 193, 194, and 41

o

Texas, 380, 381; Ross v. Armstrong, 25 Texas Supplement, 362; Hilliard on Real Estate, volume 2, pages 298, 299.

*Tillman Smith* and *W. B. Durham*, for appellees.

STAYTON, ASSOCIATE JUSTICE. It appears that the defendant conveyed to William Phillips one hundred and sixty acres of land, and that in consideration of this and the sum of one hundred dollars, secured by note, which has been subsequently paid, Phillips conveyed to him certain property in the town of Cleburne, and sixty-three acres of land. Although the deeds bear different dates, the evidence shows that the conveyances made by the one to the other were substantially one transaction. The deed by which Phillips conveyed to White the sixty-three acres of land was one with general warranty of title, and it recited a consideration of five hundred dollars. The petition alleges that in the trade the property in Cleburne was valued at four hundred dollars, the sixty-three acres at five hundred dollars, and the one hundred and sixty acres conveyed by White to Phillips at eight hundred dollars. Phillips had no title to the sixty-three acres of land which he conveyed to White, who was never able to get possession of it.

The appellant, in this action, seeks to recover five-eighths of the hundred and sixty acres of land conveyed by him to Phillips, claiming that he is entitled to recover this upon the ground that the value of the sixty-three acres, as agreed, was equal to five-eights of the value of the one hundred and sixty acres; and he asked, in the event he was not entitled to this relief, that he have judgment against Phillips for the sum of five hundred dollars, with interest thereon, under the warranty made by the latter, and that a lien be established and enforced against the one hundred and sixty acres to secure the payment of the judgment to be rendered.

There was a conflict in the evidence, that for the plaintiff showing the facts above stated, and that of the defendant showing the same facts to be true except that he denied that any estimate of value was placed on the tracts of land conveyed by the one to the other.

After stating the consideration for the several conveyances to be as the plaintiff had stated, and as all the deeds but the deed for the sixty-three acres recited, the defendant testified "that there was no value fixed on any of the property exchanged at

the time they made the trade, but that he exchanged his town property and his claim to the sixty-three acres he let plaintiff have for plaintiff's pre-emption claim and one hundred dollars. One Jack Davis wrote the deeds, and that he said it was necessary for some price to be stated, and that there was but little value attached to sixty-three acres, as he knew the title was doubtful; that he considered his place in town, which he was deeding the plaintiff worth about as much as his pre-emption of one hundred and sixty acres."

The cause was tried without a jury, and the court found that the considerations for the several conveyances were as above stated; but that as the plaintiff stated that there was a value placed on each tract of land, and the defendant denied this, there was no evidence on which the court could hold that the plaintiff was entitled to any relief.

As this was not solely an exchange of land between two persons, if it be admitted that the rule be in force here which entitled one party to an exchange of lands to recover when title to land received by him failed, it is clear that the plaintiff was not entitled to a judgment for any part of the land conveyed by him to Phillips. The appellant, however, was entitled to recover the value of the sixty-three acres of land which Phillips conveyed to him by deed with general warranty, and interest upon such sum as was its value at the time of its conveyance. If the parties agreed upon the value at the time the conveyances were made, this may be deemed its true value. If they did not agree upon its value, then it was incumbent on the plaintiff to show what the value of the sixty-three acres of land was at the time of the conveyance. It does not follow from this, however, that the plaintiff was not entitled to recover at all unless he showed that the land was then of the value of five hundred dollars. If he showed that it had any value, or that he paid any sum for it, then he was entitled to recover such value or sum paid with interest. It would seem to us that the evidence greatly preponderates in favor of the proposition that the parties valued the land at five hundred dollars.

The deed recites that sum as the consideration paid; of that deed the defendant was the maker; it speaks his words, and in an action against him, upon his warranty, would be of itself evidence sufficient to authorize a judgment against him for the sum stated to be the consideration, with interest on it, if the breach of warranty was shown. It would be the right,

however, of the defendant to show that the true consideration was not stated, and to show what it in fact was, but the burden,. in this respect, would be upon him.

It is unimportant whether the consideration was paid in money or in other lands, in so far as the recital of the value of the consideration is to be deemed evidence against the maker of a deed reciting the consideration. The consideration may have been recited at the suggestion of the person who wrote the deed, but this does not militate against its truthfulness. It is not to be presumed that the maker of a warranty deed would willingly permit a consideration to be recited which was greater than that actually paid. In addition to the recital in the deed, we have the unequivocal evidence of the plaintiff to the fact that the sixty-three acres of land were valued by the parties, in making the trade, at five hundred dollars.

The appellee, however, stated that there was no value placed upon the several tracts of land, but the truthfulness of this statement would seem very unlikely, when we consider the admitted fact that in addition to the one hundred and sixty acres of land conveyed to the defendant he received one hundred dollars as the consideration for the two tracts conveyed by him. How arrive at this sum unless some estimate was made by the parties as to the value of the lands to be conveyed by the one to the other? Such a result may have been arrived at without an estimate of values, but it seems to us unlikely.

If the evidence did not require a judgment in favor of the plaintiff for five hundred dollars and interest, it seems to us too clear that it did require a judgment in his favor for something; for it is not contended by the defendant that the sixty-three acres were of no value, or that the property situated in Cleburne, conveyed by him, was equal in value, or understood to be equal in value, to the one hundred and sixty acres and the one hundred dollars which he received. His own evidence shows that a consideration was paid to him for the sixty-three acres; and for that, at least, with interest on it, he was liable upon his warranty.

We are of the opinion that the judgment rendered can not be sustained under the evidence, and it will have to be reversed; but, in view of the whole record, we think it more likely to subserve the ends of justice to remand the case for another trial, in which it may be determined whether the parties did agree upon the value of the sixty-three acres of land at the time the trade

was made; for, if so, the value so agreed upon, with interest, furnishes a fair measure of damages.   If, however, there was no such agreement, then the true value of the land ought to be ascertained, and to this, with interest, will the plaintiff be entitled.

The plaintiff claims a lien on the land which he conveyed to the defendant to secure whatever sum may be due to him, and we are of the opinion that he is entitled to it, the right of no third person intervening.   The general rule is that a grantor or vendor of land has a lien on land sold to secure the purchase money.   The sixty-three acres of land, or its value, must be considered as a part of the price the defendant agreed to pay. The plaintiff supposed he was getting a good title to it, while the defendant admits that he knew the title was doubtful; that doubt has been made a certainty by proof that one of the links in the defendant's chain of title was a forgery.

This state of facts indicates no intention of the grantor to waive the right which the law gives him; on the contrary, he executed a contract of warranty as a security that the price of his land should be paid.   In legal effect he has no more been paid the full price agreed upon for his land than would he have been had the defendant delivered to him as payment, in part, counterfeit coin.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered December 21, 1886.