## T. J. Lanier v. W. H. H. Foust and David Douglass.

### No. 7026.

1. **Declarations of Vendee.**—A deed conveying land and reserving a lien for the unpaid purchase money is treated by this court as an executory contract, and it is accordingly held that whenever the vendee refuses to pay, the vendor may claim an immediate rescission and recover the land. It is therefore important under such circumstances to prove a refusal to pay. What the vendee said when the demand was made was proper evidence of his refusal to pay.

2. **Recitals in a Deed.**—The recital of the consideration in a deed is placed upon the footing of a receipt, and like other receipts is capable of being explained or contradicted by other evidence. In this case the recital of a money payment was in the deed. It was proved that no money passed, and that the deed was intended merely to reinvest the title upon a rescission of the prior sale.

3. **Findings of Fact — Practice.**—The omission of the court to find upon a material matter when its attention was not called to such omission is no ground for reversal.

4. **Extension of Time by Vendor.**—An extension of time by the vendor does not destroy his right to rescind for nonpayment of purchase money after the extension and upon the refusal to pay thereafter. Such agreement only has effect during the time for which it was given.

5. **Rescission Upon Refusal to Pay.**—See facts held to prove a rescission of a sale of a tract of land although the unpaid notes were not surrendered; all the parties interested in the land having agreed to the rescission and the vendor having resumed the possession of the land.

APPEAL from Fannin. Tried below before Hon. H. O. Head. The opinion states the case.

*Abernathy & Beverly*, for appellant.—1. The court erred in admitting in evidence declarations of N. A. Wilson, who was not a party to the suit. Hinson v. Walker, 65 Texas, 103; Thompson v. Herring, 27 Texas, 282; De Garca v. Galvan, 55 Texas, 53; Railway v. Pfeuffer, 56 Texas, 73.

2. The court erred in admitting in evidence the testimony of the witness Foust and the testimony of the witness Douglass as to the transaction between the two, in that the consideration as recited in the conveyance from Foust to Douglass was not as recited in said deed. Wilson v. Simpson, 68 Texas, 313; Smith v. McElyea, 68 Texas, 80; Walker v. Renfro, 26 Texas, 145; Railway v. Pfeuffer, 56 Texas, 72.

3. The court erred in not finding on the fact that N. A. Wilson's notes were outstanding, and that by reason of this there had been no rescission of contract of sale to N. A. Wilson.

4. The court erred in admitting in evidence the testimony of witnesses Douglass and Foust contradicting the consideration and legal effect of the deed. Railway v. Pfeuffer, 56 Texas, 72; Whart. on Ev., sec. 1044; Richardson v. Traver, 112 U. S., 423; 1 Greenl. on Ev., 286; 2 Phillips on Ev., 353.

*Jenkins & Pearson*, for appellees.—1. The court did not err in admitting the declarations of N. A. Wilson, because, while not an actual party to the suit, said Wilson and Lanier were privies, and the declarations of Wilson made before Lanier had any interest in the subject matter in the suit were binding on Lanier, who derived his title through Wilson.

2.   The consideration recited in a deed is not conclusive, and may be shown by parol testimony to be otherwise than as recited.   Glenn v. Matthews, 44 Texas, 406; Howard v. Davis, 6 Texas, 174; Northington v. Tuohy, 2 Texas Ct. App. C. C., sec. 326.

GAINES, Associate Justice.—Appellee Douglass, on the 5th day of December, 1883, sold to one Wilson a tract of land consisting of seventy-nine acres for $50 in cash and $400 on a credit, for which the vendee executed his three promissory notes, two for $100 each and one for $200, payable one, two, and three years after date respectively. Douglass executed a deed to Wilson for the land, but expressly reserved in the conveyance a lien upon it to secure the payment of the unpaid purchase money.   Wilson not being able to pay the first note when it fell due, Douglass agreed to extend the time for its payment another year.   Before the time for the extension had elapsed Wilson sold the north half of the land to one Beuhler and one Rutherford on a credit, taking their notes and retaining a lien upon the land to secure their payment.   At the same time Wilson also sold the south half of the tract to appellee Foust on a credit, and for the purchase money therefor Foust executed to him the four promissory notes which are the foundation of this action.   Wilson made Foust a deed, but retained a lien upon the land conveyed to secure the payment of the notes.   They were for $110 each, and were due December 1, 1885, December 1, 1886, December 1, 1887, and December 1, 1888, respectively.   These notes, together with those given by Beuhler and Rutherford, were transferred by Wilson to one Taylor.   When the second note executed by Douglass to Wilson fell due the former again called upon the latter for payment.   Wilson refused to pay, and told Douglass he would have to look to the land for his money.   Douglass then went to Foust, who also refused to pay the notes made by Wilson, but offered to reconvey to Douglass so much of the land as had been conveyed to him.   Douglass went to Taylor, who then held the notes transferred to him by Wilson, and was told by Taylor that he did not see where there was any money to him in paying the notes, and that he (Douglass) could make his money out of the land and that he would give him no trouble about it.   Thereupon Foust reconveyed the land bought by him to Douglass.   The deed executed by Foust recited a consideration of $100, but no money was in fact paid or promised by Douglass, the grantee.   Some twelve months after this transaction Taylor sold and transferred all the notes assigned to him by Wilson to appellant, appellant paying him therefor the sum of $45. Appellant brought this suit against the appellee upon the notes executed by Foust to Wilson and to foreclose the lien upon the land for which they were given.   Foust made no defense, and there was a judgment rendered against him upon the notes, but an enforcement of a lien upon the land was denied.

The court found the facts as stated above, and also found that when the appellant purchased the notes he had notice of the circumstances attending the several transactions.

When the defendant Douglass offered to testify that upon the maturity of his second note he went to Wilson and Wilson told him he could not pay it, the plaintiff objected to the testimony upon the ground that it was "hearsay and res inter alios acta." The court overruled the objection and the ruling is assigned as error. We are of the opinion that the evidence was properly admitted. A deed conveying land and reserving a lien upon it for the unpaid purchase money is treated in this court as an executory contract, and it is accordingly held that whenever the vendee refuses to pay, the vendor may claim an immediate rescission and may recover the land. It is therefore competent under such circumstances to prove a refusal to pay. What the vendee said when the demand for payment was made was proper evidence of his refusal.

It was not error to permit the defendant Douglass to show that although the deed from Faust to himself recited a consideration of $100 no money was in fact paid, and that the purpose was merely to reinvest the defendant Douglass with the title to the land. The recital of the consideration in a deed is placed upon the footing of a receipt, and like other receipts is capable of being explained or contradicted by parol evidence.

It is also complained that "the court erred in not finding on the fact that N. A. Wilson's notes were outstanding, and that by reason of this there had been no rescission of contract of sale to N. A. Wilson." It is not error for the court to fail to find upon a material issue in the case in the absence of a special request for such finding. The record does not show such a request in this case. But we may add that the court could not have properly found that the contract had not been rescinded. A surrender of the notes was not necessary to a rescission of the sale. The defendant Douglass explained in his testimony that he retained the notes as evidence against Beuhler and Rutherford in the event they should attempt to set up title to the land Wilson had conveyed to them.

It is also complained that "the findings of fact are erroneous, because the evidence shows Douglass extended time of payment and afterward permanent improvements were made by W. H. H. Foust, subvendee, who resold to Douglass for a valuable consideration with his notes outstanding and in the hands of a third party." The assignment does not point out clearly the specific finding of fact which is claimed to be incorrect. We understand the law to be, however, that the vendor in an executory contract, upon the failure of the vendee to pay the purchase money, has the right to rescind the sale, and that the right is not waived by an agreement for the extension of the time of the pay-

ment except during the period of the extension. If the right be waived at all it must be by the vendor's own affirmative action or by his failure to take timely steps to rescind the sale. It can not be defeated or abridged by the action of the vendee alone. It follows that improvements made by Foust during the period for which Douglass had agreed to forbear pressing his claim for the payment of the first note did not deprive the latter of his right to reclaim the land when, after that period had expired, Wilson expressly refused to pay.

It is further claimed that the court erred in holding that there had been a valid rescission of the sale. What has already been said with reference to the grant of an extension of time by Douglass to Wilson upon the note which first fell due in effect disposes of this question. When the vendee is in default the vendor may waive his consequent right to rescind by treating the contract as being still in force, and thereby inducing the vendee to act to his detriment upon the assumption that the contract will be continued in force. There was, however, no conduct on part of Douglass that indicated an intention to waive his right to claim a rescission. If upon default the vendor gives an extension of time he does not thereby waive his right if the vendee refuse to pay when that time has elapsed. He occupies the same position he would occupy if the time had been given in the original contract. Such is the present case. When, therefore, the twelve months extension which Douglass gave upon the first note had elapsed and Wilson expressly refused to pay he had the right to reclaim the land so far as the latter was concerned. Could Wilson's vendee Foust claim to occupy a better position than he held? Could the fact that Wilson held the notes of his vendees for the purchase money of the land sold by him (if such had been the fact), have entitled him to hold the land and to refuse to pay his own obligation? If not, was Taylor, the assignee of the notes, in any better position? These questions, in our opinion, must be answered in the negative. At all events, when the extension on Wilson's first note had expired, and when the second fell due, and when Wilson, Foust, and Taylor all refused to pay, he was clearly entitled to rescind the contract and to recover the land.

The court found that appellant purchased the notes sued upon with notice, and he was clearly affected with notice when he purchased, that two at least of the notes given by Wilson in the original purchase were past due and had not been paid. How he can claim any right superior to that Taylor would have had if he had not assigned the notes made by Foust we do not see. All parties having an interest in the land at the time had practically agreed to a rescission when Foust reconveyed the land.

The right to hold the land as against Douglass had already been forfeited when appellant purchased the Foust notes, and his tender to

Douglass of the amount originally due from Wilson (if he made one) did not better his position.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered May 26, 1891.