## GIVENS v. FEATHERSTONE et al.
### (No. 8104.)

Court of Civil Appeals of Texas. San Antonio. Jan. 2, 1929.

Hornaday & Mayfield and John C. Myrick, all of Harlingen, and Prendergast & Prendergast, of Marshall, for appellant.

Carter & Stiernberg and J. I. Coursey, all of Harlingen, for appellees.

FLY, C. J. This suit was instituted by appellee Featherstone against E. C. Givens, L. M. Warmack and wife, Ida S. Warmack, and the San Antonio & Aransas Pass Railway Company, on a certain promissory note for $2,616.75, having been given by E. C. Givens to J. T. Avary as part of the purchase money of block 85 out of survey 25, of the Wilson tract of land in Cameron county; said note by successive transfers coming into the possession and ownership of R. H. Featherstone.

The cause was submitted to a jury on one issue: "Did the defendants L. M. Warmack and E. C. Givens enter into a verbal agreement on or about August 25, 1926, as alleged by the defendant, L. M. Warmack in his cross-action whereby the said Warmack agreed to deliver, and did deliver all notes, personal accounts, crops and other personal property to the said E. C. Givens, as alleged by the said L. M. Warmack and whereby the said E. C. Givens agreed to deliver to the said L. M. Warmack, duly canceled, the notes for $6,402.50, $1,666.66, $1,666.67 and $1,666.-67 and to pay off the $2,616.75 and to assume the other obligations of the defendant, Warmack, as alleged in defendant Warmack's cross-action?" To that question the jury answered in the affirmative. The notes referred to are ones given for the purchase money of the land, and the note for $2,616.75, the payment of which the jury found was assumed by E. C. Givens, is the basis of this suit.

The court rendered judgment that R. H. Featherstone take nothing as to L. M. Warmack, Ida S. Warmack, and the San Antonio & Aransas Pass Railway Company, and that E. C. Givens take nothing as to his cross-action against L. M. Warmack and Ida S. Warmack; that L. M. Warmack recover of R. H. Featherstone and E. C. Givens the cancellation of the lien given to secure the note sued on and removal of all cloud from the title to the land described herein; and that said Warmack recover judgment against E. C. Givens canceling the notes $6,402.50, $3,-500, $1,666.66, $1,666.67, and $1,666.67, de-

scribed in the deed from E. C. Givens to L. M. Warmack. Judgment was also rendered against E. C. Givens and in favor of R. H. Featherstone for the note sued on, which, with the interest and attorney's fees, amounted at the time of the trial to $3,420.50, with 6 per cent. interest thereon from date of the judgment. The judgment is burdened with many repetitions, and is unnecessarily long and tedious.

Givens alone filed a motion for a new trial, and he alone appealed the cause to this court. The appeal was perfected only as to L. M. Warmack and Ida S. Warmack. Givens makes no complaint as to the judgment rendered against him in favor of Featherstone.

L. M. Warmack alleged and proved that on February 9, 1926, he purchased from E. C. Givens 40 acres of land, being all of block No. 85, Wilson tract in Cameron county, for $24,000, paying for the same with two lots and a house in Texarkana, Tex., and a brick bungalow and lot also in Texarkana; said property valued at $11,000; $5,000 in personal notes secured by chattel mortgages; $3,000 unsecured notes; and three vendor's lien notes aggregating $5,000. A deed was made by Givens to the 40-acre block to Warmack, and Warmack and wife conveyed the Texarkana property to Givens. Mrs. Avary sold the 40-acre block to Givens, and took his note for $2,616.75 as security for part of the purchase money, and it was purchased by Featherstone for a valuable consideration before maturity. Warmack pleaded and proved that Givens had agreed to pay off the $2,616.-75 note to Featherstone. Warmack fully complied with his contract with Givens, and he and his wife were in possession of the land when the suit was instituted by Featherstone.

The general demurrer and special exceptions were properly overruled, and the propositions 1, 2, 3, and 4 are without merit. The testimony as to the consideration which was not expressed in the deed from Givens to Warmack did not come within the purview of the statute of frauds (R. S. 1925, art. 3995) and did not vary the contract. The true consideration for a deed can always be shown by parol testimony. Galveston, H. & S. A. R. Co. v. Pfeuffer, 56 Tex. 66; Taylor v. Merrill, 64 Tex. 494; White v. Street, 67 Tex. 177, 2 S. W. 529; McLean v. Ellis, 79 Tex. 398, 15 S. W. 394; Lanier v. Foust, 81 Tex. 186, 16 S. W. 994. The vendor lien notes could be shown to have been canceled and the lien released by a subsequent parol agreement, and the statute of frauds would not be applicable to such agreement. Burnett v. Atterberry, 105 Tex. 119, 145 S. W. 582; Bright v. Briscoe (Tex. Civ. App.) 193 S. W. 156. There was no reason or necessity for applying to the vendor for a written release. The release was an accomplished fact through the oral agreement, and the deed to the land became abso-

lute. The purchase money had been paid. Carey v. Starr, 93 Tex. 508, 56 S. W. 324; Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S. W. 296, 29 A. L. R. 607.

The pleadings of Warmack were sufficient to admit the proof as to L. B. Warmack acting as agent of Givens, and, as the sufficiency of the pleadings was the only objection urged to the admission of the evidence, the fifth assignment of error is overruled. What the evidence was is not disclosed in the bill of exceptions, assignment, or proposition, and the bearing of the evidence on the other facts is not disclosed. There is nothing to indicate that the evidence was material or that it had any effect on the cause. Givens' testimony showed the agency of L. B. Warmack.

At the time the verbal agreement was made by Givens and L. M. Warmack, they had a written memorandum of the terms of the agreement prepared merely to get it in form so both could understand it, and with no intention of signing it. Both parties read, and each assented to, its terms. It was written by Givens. Admission of the memorandum in evidence was objected to by appellant on the grounds that it "was illegible, not signed, was hearsay and sought to bind and charge the defendant Givens by a written instrument not signed by him." The bill of exceptions does not disclose the contents of the paper, probably because it was "illegible," and its contents could not be ascertained. The sixth proposition, however, describing the memorandum as a "soiled, yellow, unsigned sheet of paper," states that it "purported to have written thereon details of the trade between defendant Givens and the defendants Warmacks." The proposition omits the fact that the memoranda on the "soiled, yellow, unsigned sheet of paper" were written by Givens and agreed to by him. There is nothing to indicate that the memorandum was not introduced to recall the facts to a witness, which would be proper. Section 1093, 22 Corpus Juris, is referred to by appellant as sustaining his objection to the memoranda, and such section is as follows: "A memorandum relating to the terms of a parol contract, made at the time by one of the parties negotiating the contract and read over to the other without dissent, or made by a third person under circumstances showing an assent thereto by the parties although not in itself a valid written contract, may be competent as substantive evidence to establish, with other evidence, the terms of the contract." That language covers the memorandum written by appellant and the memoranda as written by Mrs. L. B. Warmack at the request of both parties. The contract was conclusively shown by the parol evidence, independent of the memoranda, and they were merely used to show beyond doubt the terms of the oral contract.

The judgment is affirmed.