R. W. HANNA v. H. S. LATTIMORE.

No. 6340. Decided April 24, 1935.
Rehearing overruled May 22, 1935.
(81 S. W., 2d Series, 496.)

*W. M. Short* and *James E. Whitmore,* both of Fort Worth, for appellant.

*E. L. Gilbert,* of Fort Worth, for appellee.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

The Honorable Court of Civil Appeals for the Second Supreme Judicial District certify the following:

"In this cause appellee sued appellant, alleging that:

" 'On April 20, 1929, the plaintiff and defendant were closing a real estate transaction by which the plaintiff was purchasing and did purchase from the defendant the premises located at 1416 Mistletoe Drive, in Fort Worth, Texas, at an agreed price of $8,250, the plaintiff having heretofore contracted in writing with the defendant for the purchase of said property, and he had deposited with Matt Blanton his check for $250 as a deposit to bind the contract, pending the examination of abstract, which said check was, unbeknownst to the plaintiff and unbeknownst to the defendant, cashed by the said Matt S. Blanton for the benefit of the defendant.

" 'The said Matt S. Blanton was entitled to a real estate commission for more than $250 for consummating the said sale.

" 'Thereafter on the said April 20, 1929, the defendant approached the plaintiff, and being in a great hurry to leave the City, requested the plaintiff to pay the defendant the purchase price, and offered the deed to the said premises, and there being some deduction to be made from the purchase price on account of some unpaid taxes, the plaintiff and defendant together figured the amount due in cash to the said Hanna, and by mutual mistake of both the plaintiff and defendant failed to deduct from the said $8,250 agreed purchase price the said $250 theretofore deposited with the said Blanton, and the plaintiff thereupon paid to the defendant the sum of $7,658.18, being the exact amount of $8,250 less the agreed

taxes to be deducted from the said purchase price, and which sum was $250 more than the defendant was entitled to receive, and the defendant requested the plaintiff to telephone the bank that the defendant might cash the check, stating to the plaintiff that he was leaving in a few minutes for California, all of which was done, and which day was Saturday.

" 'Thereafter, when the defendant returned to the State of Texas, the plaintiff called his attention to this mutual error, and the defendant agreed that the same was mutual error, and repeatedly promised to return the $250 to the plaintiff, but has wholly failed to do so, though often requested.

" 'Wherefore, the plaintiff prays that citation issue to the defendant, and on a hearing he have his judgment for $250, with interest at six per cent (6%) per annum from April 20, 1929, until paid, and costs of suit, and general relief.'

"Appellant answered by a general denial and

" 'for further answer herein and by way of cross action, and complaining of plaintiff, defendant would show that while it may be true that in the real estate transaction entered into between plaintiff and defendant, on or about the 20th day of April, 1929, an error may have been committed in failing to deduct from the purchase price the $250.00 as alleged by plaintiff, or in the cashing of the check for $250.00 by said Matt S. Blanton, as alleged by plaintiff, which fact is not here admitted by defendant, defendant would show that there was an error mutually committed by both plaintiff and defendant in the closing of said transaction, through which error defendant was greatly damaged, in this: Defendant would show that on the date in question, when the alleged transaction was closed between plaintiff and defendant on the 20th day of April, 1929, plaintiff personally wrote the deed which was executed by defendant and his wife, conveying the property involved therein to plaintiff, and in which deed it was recited that the consideration for the sale of the land was the sum of $8250.00 to be paid by plaintiff to defendant, and the assumption by plaintiff, of the sum of $590.07 City and County taxes on said property, the said sum of $8250.00 to be represented by a vendor's lien note for that amount, with interest thereon at the rate of 8% per annum. Defendant would show, however, that in arriving at the amount of cash to be paid to this defendant by plaintiff, by mutual mistake, there was deducted from the said sum of $8250.00 which was to be paid to this defendant for said land, the sum of $590.07, the same being the amount of taxes which were assumed by said plaintiff in said deed,

and were and should have been paid by said plaintiff. That said amount of $590.07 in taxes were agreed upon in the calculation between plaintiff prior to the execution of said deed, and plaintiff then wrote the deed, providing for the assumption by him of said sum in addition to the $8250.00, but instead of defendant being paid the entire consideration coming to him from the plaintiff, there was erroneously deducted the said sum of $590.07. That by reason of the premises, said plaintiff is indebted to this defendant in the said sum of $590.07 as provided by the terms of said deed, and for which amount, defendant sues on this cross-action, and plaintiff is bound and obligated to pay the same to this defendant.

"'Wherefore, premises considered, upon a hearing thereof, defendant prays judgment against said plaintiff, for said sum of $590.07 with interest thereon, costs of suit, and such other relief, general and special, as to which this defendant may appear entitled.'

"The deed from Hanna to Lattimore recites the consideration as: 'In consideration of the sum of $8250.00 to me in hand paid by H. S. Lattimore and the assumption of $590.07 city and county taxes on this property, said $8250.00 represented by vendor's lien note due on demand with interest at 8% per annum, executed by H. S. Lattimore to the order of R. W. Hanna.' The contract to convey was offered in evidence by Lattimore and recited a cash consideration of $8250.00. Lattimore testified over objection by Hanna that on examination of the title it appeared that there were delinquent taxes of $590.07 and that he required of Hanna that these be paid; that on the day the deed was delivered Hanna came to him about an hour before bank closing time and pressed on Lattimore the necessity for closing the trade, that he (Hanna) needed the money to be received for an urgent trip out of town; that Lattimore agreed and wrote out the deed reciting a cash consideration and then asked for the tax receipts; that Hanna said he did not have the money to pay said taxes and had expected to pay them out of the purchase money; that Lattimore said that he could not afford to pay his cash out under such a promise, but would deduct the amount of the taxes from the $8250.00, assume the taxes, and pay the balance to Hanna in cash, to which Hanna agreed and with minor deductions for recording fees, this was done, and Lattimore delivered his check for $7658.18 to Hanna, which Hanna cashed; that the recital of a vendor's lien note in the deed was an arrangement between Lattimore and his bank that Hanna

had nothing to do with, but received his cash from Lattimore. The cancelled check is in evidence. Hanna's deposition admits these facts to be substantially true, and the jury found them to be true.

"We are not wholly in accord on this matter and therefore, bearing in mind that Lattimore pleaded what the true consideration agreed on was, admitted that he assumed the taxes and says that he paid them, and claimed a mutual mistake in computing the amount of cash to be paid Hanna; that Hanna pleaded that a mistake was made in computing the amount of cash to be paid him and claimed that Lattimore was bound by the recited consideration in the deed, and bearing in mind Lanier v. Faust, 81 Texas, 186; White v. Street, 67 Texas, 177; Johnson v. Elmer, 59 S. W., 605, and Whitehead v. Weldon, 264 S. W., 958, we certify this question to your Honors:

"1. Was the testimony of Lattimore, above stated, admissible under the pleadings over the objection that the statement of the consideration in the deed was unambiguous in form and was contractual, and the parol evidence offered by the plaintiff in which plaintiff sought to vary the terms of said contract by said evidence was not admissible?

"2. If only a part is admissible, then what part"?

### OPINION

We interpret the statement as meaning that Judge Hal S. Lattimore acquired certain residence property in Fort Worth from R. W. Hanna and wife, the deed reciting a consideration of $8250.00 in hand paid by Lattimore and the assumption of $590.07 city and county taxes on the propery, the $8250.00 represented by vendor's lien note due on demand with interest at 8% per annum executed by Lattimore to Hanna; the recital of a vendor's lien note in the deed was because of an arrangement between Lattimore and his bank with which Hanna had nothing to do, he having received the cash from Lattimore; that Lattimore assumed and did pay said taxes, and the only controversy is whether Lattimore overpaid Hanna to the extent of $250.00 or whether he underpaid Hanna to the amount of $590.07 in deducting that sum from the cash payment, as the condition for his assuming payment of the equal amount of taxes due.

The decision of this, involves no question of contractual liability expressed in the deed, but simply whether the cash portion of the consideration was or was not paid according to its terms. Judge Lattimore contends that through mutual

mistake he again paid Hanna the $250.00 down deposit with Blanton, the broker, which should have been deducted from the cash portion of the recited consideration. Mr. Hanna contends that he accepted from Judge Lattimore a cash payment of $590.07 less than the recited cash consideration, the amount paid being arrived at through mutual mistake, which contention is met by Judge Lattimore's claim that Hanna's promise to pay the taxes out of the cash to be received was not satisfactory to him, but he would, and with Hanna's consent, did, deduct the same out of the cash payment and pay them himself, which was the reason for embodying in the deed, the assumption to pay said sum of $590.07 in taxes.

In other words, the plaintiff insists that he paid $250.00 more than the recited cash consideration of $8250.00 and the defendant maintains that he did not receive that amount. The controversy therefore became one of fact and testimony offered to substantiate such respective claims was properly admitted in evidence. Lanier v. Foust, 81 Texas, 186; White v. Street, 67 Texas, 177, 2 S. W. (2d) 529; Williams v. Flowers, 255 S. W., 1020; Whitehead v. Weldon, 264 S. W., 958; Orbeck v. Alfei, 276 S. W., 947; 14 Tex. Jur., 810; 10 Tex. Jur., 119.

We therefore answer "Yes" to Question No. 1, which renders an answer to Question No. 2 unnecessary.

Opinion adopted by the Supreme Court April 24, 1935.

Rehearing overruled May 22, 1935.