Fred O. Jaye, of De Leon, for appellants.

Bob McCampbell, of Comanche, for appellee.

## KING et al. v. CASH.

### No. 2155.

Court of Civil Appeals of Texas. Eastland.

Nov. 7, 1941.

Rehearing Denied Dec. 5, 1941.

GRISSOM, Justice.

V. G. Cash instituted this suit against Kate King and the children of Kate King and Willis King, deceased, on a promissory note and for foreclosure of an alleged vendor's lien. Cash alleged that on February 25, 1938, Kate King executed and delivered to him a promissory note for $120 due in October, 1938. Plaintiff alleged, in addition to the usual contents of such a note, that it provided "This note is given as part payment for Block No. 56 of the Original Addition to the town of Comanche, Texas." Cash further alleged that on December 18, 1937, he executed and delivered to Kate King and her husband a deed by which he conveyed to them said Block No. 56; that said deed recited $550 was paid in cash; that said recital was erroneous and only $430 was actually paid; that in February 1938, after the execution and delivery of said deed, Willis King died, and thereafter Kate

King executed the note for $120. Plaintiff alleged that the defendants, other than Kate King, were claiming some interest in the said land and that the note sued on was given in part payment of the purchase price for said land, and that a vendor's lien was retained to secure its payment.

Defendants' answer consisted of special exceptions, general denial and a special answer that on December 18, 1937, plaintiff conveyed the land in question by warranty deed to Kate King and husband; that the consideration "paid and secured to be paid" was the sum of $750; $550 cash in hand paid and the assumption by the grantees, Kate & Willis King, of a vendor's lien which was outstanding against said land; that said deed was duly recorded; that the consideration stated in the deed was contractual in its nature and could not be varied by parol evidence and "the defendants specially plead this as a complete defense to plaintiff's cause of action herein and in bar of his right of recovery."

Defendants further alleged the note was never intended as a vendor's lien note; that the note did not contain any recital that it was a vendor's lien note when it was executed; that if it contained such recital it had been fraudulently altered since its execution.

The cause was submitted to the jury on two special issues, in answer to which the jury found (1) that the note sued on represented a part of the cash consideration mentioned in the deed, and (2) that the writing at the bottom of the note, to-wit, "This note is given as part payment for Block No. 56 * * *" was inserted in the note before it was signed by Kate King.

Upon this verdict, judgment was rendered for plaintiff against all defendants for the principal, interest and attorney's fees, due on said note, and for foreclosure of the vendor's lien. Defendants have appealed.

Defendants contend the court erred in permitting plaintiff to testify that the $550 cash consideration recited in the deed was not in fact paid, and to further testify, in effect, that $120 was to be paid to the plaintiff about a month after the execution of the deed and that the Kings then had certain property from which they expected to obtain the money for such payment.

■ The deed was not introduced in evidence, but the testimony relative thereto shows the consideration recited therein was $550 cash and the assumption of a vendor's lien note for $200. The recital in the deed of a cash consideration paid to the plaintiff was not conclusive of the fact of payment. The court did not err in permitting plaintiff, over defendants' objection that such testimony was at variance with the terms of the deed, to testify, as stated above, and that thereafter Mrs. King, not being able to then make such payment, executed the note as part of the purchase price of the land.

The recital in the deed that the cash consideration had been paid was not contractual in its nature and the court properly permitted plaintiff to prove by parol. testimony the facts with reference to the payment of the consideration and the retention of a vendor's lien to secure the payment of the unpaid portion of the purchase price evidenced by the $120 note. Hanna v. Lattimore, 125 Tex. 243, 247, 81 S.W.2d 496; 10 Tex.Jur. 119; 14 Tex. Jur. 812; Lanier v. Faust, 81 Tex. 186, 189, 16 S.W. 994; D. Sullivan & Co. v. Schreiner, Tex.Civ.App., 222 S.W. 314, 316, writ refused; Silliman v. Oliver, Tex. Civ.App., 233 S.W. 867, writ refused; Pridgen v. Furnish, Tex.Com.App., 23 S. W.2d 307; Poulter v. Miller, Tex.Com. App., 221 S.W. 965; Givens v. Featherstone, Tex.Civ.App., 12 S.W.2d 613; Jackson v. Overton, Tex.Civ.App., 18 S.W.2d 773; Hitson v. Gilman, Tex.Civ.App., 220 S.W. 140, 144; Flynt v. Garmon, Tex.Civ. App., 275 S.W. 444.

■■ If $120 of the purchase price was not paid at the time of the execution and delivery of the deed, as found by the jury, plaintiff held a vendor's lien against the property sold to the Kings to secure the payment of the unpaid portion of the purchase price, unless such lien was waived or abandoned. Flanagan v. Cushman, 48 Tex. 241, 244. Defendants should have been permitted to introduce evidence contradictory of plaintiff's contention that the entire purchase price was not actually paid. However, if the proffered testimony merely tended to prove, or was offered for the purpose of showing, waiver of the vendor's lien, or payment of the debt sued on, then the court properly sustained the objections to the proffered testimony because neither waiver nor payment was alleged. Rules of Civil Procedure, Rules 94 & 95; Vernon's Ann.Civ.St. Art. 2014.

Defendants contend testimony introduced by plaintiff was admitted in violation of the provisions of Art. 3716, which prohibits, in certain actions, one party, from testifying against the others as to any transaction with or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party. If this article is applicable to the situation presented (a question rendered uncertain by the present state of the pleadings and evidence), its violation is not shown by any statement or reference to any specific testimony in the statement of facts contained in appellants' brief.

■ The judgment is erroneous because both the pleadings and the evidence were insufficient to authorize a money judgment against any of the defendants other than Mrs. King. The judgment against such defendants could not, in any event, under the pleadings, have been for anything more than a foreclosure of the vendor's lien. The case does not appear to have been fully developed. The judgment is reversed and the cause remanded.