KING et al. v. CASH.

No. 2387.

Court of Civil Appeals of Texas. Eastland.

Sept. 24, 1943.

504

Fred O. Jaye, of De Leon, for appellants.

Bob McCampbell, of Comanche, for appellee.

FUNDERBURK, Justice.

Upon a former appeal of this case by Mrs. Kate King and the other defendants in the court below, this court handed down its decision on November 7, 1941, reversing and remanding the case. 156 S.W.2d 307. Reference to that opinion is here made for a statement of the case up to that time. After issuance of mandate, the appellee (Cash) filed a motion in the trial court entitled "Plaintiff's motion for Judgment Nunc Pro Tunc." This motion was heard on November 23, 1942, and sustained. The order designated the motion as "Plaintiff's motion nunc pro tunc to correct a clerical error in the preparation of a judgment entered at a former term of this court." The order set out the purportedly corrected judgment, being the judgment now challenged upon this appeal. The correction was to make it appear from the judgment that the recovery upon the money demand involved was awarded only against Mrs. King, not against the other defendants.

Upon the former appeal, appellee (Cash) sought to sustain the judgment on the ground that, properly construed, it awarded recovery upon the money demand against Mrs. King alone. No contention was made to the effect that the judgment shown by the record was not the judgment rendered by the trial court. No move was made to correct the record because of any asserted error therein. Then was the time to do so. In asserting his construction of the judgment, appellee was in effect asserting that the judgment expressed the intention of the court in the respect now under consideration. Upon this appeal, he takes the contrary position by asserting that the judgment did not express the true intention of the court. In our opinion, there are at least two good reasons why the present contention cannot be sustained.

 In the first place, clerical errors, if any, in the judgment were waived.

There is one kind of waiver peculiarly applicable to judicial proceedings. In the language of Corpus Juris: "It has been said, relative to practice, that every failure to assert a legal right at the proper time is a waiver of that right." 67 C.J., p. 307, Sec. 7. Consonant with that character of waiver is the definition and comment by the same authority as follows: [Waiver is] "the intentional doing of an act inconsistent with claiming it. Thus, a 'waiver' occurs where one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something, the doing of which or the failure or forbearance to do which is inconsistent with the right or his intention to rely upon it." Id. p. 291, Sec. 1. Appellee, being a party to the judgment and the judgment being one in his favor, must, we think, be held to have had constructive knowledge, if not actual knowledge, of the provisions of the judgment. Under the principle stated, he could not seek to sustain the judgment only on a question of construction, and after the decision goes against him, then about-face and seek to sustain it on the ground of a clerical error in the judgment.

 In the next place, a judgment nunc pro tunc necessarily presupposes an existing judgment. Similarly, it can hardly be thought that there can exist any right to amend a judgment when there is no existing judgment to amend. Whether judgment was correctly entered of record or not, this court reversed the only judgment rendered in the case. The result of that action was to render the judgment non-existent. Under such condition, it is obvious there could be no judgment nunc pro tunc or amendment or correction of a judgment. The legal effect of the judgment of this court was to order a re-trial. Without such re-trial there could be no valid judgment rendered.

It is, therefore, our conclusion that the judgment should be reversed and the cause remanded, as before. It is accordingly so ordered.