11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Montgomery
First Corp. and Elton Montgomery

Appellants

Vs.      
            No. 11-01-00194-CV  -- 
Appeal from Nolan County

Caprock Investment Corp.

Appellee

 

In this
suit on a note, the trial court granted Caprock Investment Corp.=s motion for summary judgment and entered a
final judgment in favor of  ACaprock Investments, Inc.@ against Montgomery First Corp. (MFC), Elton
Montgomery (Montgomery), and Vernon Stevens.[1]  Stevens did not appeal.  MFC and Montgomery assert that the trial
court erred in rendering summary judgment against them.  Because res judicata bars Caprock Investment
Corp.=s claims against MFC and because Caprock
Investment Corp. also failed to meet its summary judgment burden, we reverse
the final judgment and remand this cause to the trial court for further
proceedings.

Background
Facts








This is
the second appeal in this case.  See
Caprock Investment Corp. v. Federal Deposit Insurance Corporation, 17 S.W.3d
707 (Tex.App. - Eastland 2000, pet=n ref=d). 
On December 30, 1987, Montgomery, Al Jonietz, Vernon Stevens, Tom
Griffin, and Charles L. Cook signed a promissory note (the Note) in the amount
of $180,000.00 payable to the Texas Bank & Trust Co. (TB&T) in
Sweetwater, Texas.  They defaulted on
the Note, and TB&T filed suit.  In
its original petition, TB&T named Jonietz, Stevens, Griffin, and Cook as
defendants but did not name Montgomery as a defendant.  TB&T also named MFC as a defendant, even
though MFC did not sign the note. 
TB&T properly served the defendants.  None of the defendants answered at that time, and TB&T
obtained a default judgment against the defendants.  However, unknown to TB&T, Jonietz had filed for
bankruptcy.  Jonietz, relying on the
bankruptcy stay, filed a motion to set aside the default judgment; and, on  July 20, 1989, the trial court set aside the
default judgment in its entirety. The trial court subsequently severed the
claim against Jonietz from the suit.  

On July
27, 1989, TB&T failed; and its assets, including the Note, were transferred
to the Federal Deposit Insurance Corporation as Receiver (FDIC-R).  The FDIC-R transferred the Note to the
Federal Deposit Insurance Corporation 
(FDIC-C).  On April 17, 1990, MFC
answered the suit.  On March 17, 1992,
MFC filed a counterclaim against TB&T, and Montgomery intervened in this
suit, seeking a declaratory judgment as to the rights and legal status between
TB&T, its receivers, MFC, and 
Montgomery.  

On April
21, 1992, the FDIC-C sold the Note to Caprock Investment Corp.  On July 10, 1992, Caprock Investment Corp.
filed a notice of substitution of party but mistakenly identified itself as
Caprock Investments, Inc. in the notice. 
On July 17, 1992, Caprock Investment Corp. filed a APlaintiff=s First Amended Petition@ to substitute itself for its predecessors, the FDIC and TB&T.  Again, Caprock Investment Corp. mistakenly
referred to itself as Caprock Investments, Inc.  In the  first amended
petition, Caprock Investment Corp. alleged claims against LEOH Management Co.,
MFC, Montgomery, Charles L. Cook, Tom Griffin, and Vernon Stevens.  

Although
Caprock Investment Corp. continued to file pleadings and motions in the name of
Caprock Investments, Inc., it became clear that Caprock Investment Corp. was
the owner of the Note and the correct name of the plaintiff.  On July 19, 1993, Caprock Investment Corp.,
again in the name of Caprock Investments, Inc., filed another motion for
substitution as plaintiff.  As an
exhibit to its motion, Caprock Investment Corp. attached a copy of the Loan
Sale Agreement between the FDIC and Caprock Investment Corp., as well as a copy
of the Transfer of Liens and Security Interests in the Note.  These documents established that the FDIC
sold the Note to Caprock Investment Corp. 








MFC and
Montgomery both opposed Caprock Investment Corp.=s intervention as the plaintiff. 
They argued that Caprock Investment Corp. had failed to produce
documentary evidence showing that the FDIC-R had transferred the Note to the
FDIC-C.  Without such proof, MFC and
Montgomery argued that Caprock Investment Corp. could not prove the ownership
chain of the Note or that it had the right to intervene as the plaintiff.  

Montgomery,
Stevens, Caprock Investment Corp., and FDIC-R all filed motions for summary
judgment.  On February 28, 1994, the
trial court entered separate orders: 
(1) denying Caprock Investments, Inc.=s substitution as plaintiff, (2) striking Caprock Investments, Inc.=s motion for summary judgment, (3) denying
the FDIC-R=s motion for summary judgment, (4) granting
Montgomery=s motion for summary judgment, and (5)
granting Stevens= motion for summary judgment.  On October 18, 1996, MFC filed a motion for
summary judgment.  On December 9, 1996,
the trial court entered an order granting MFC=s motion for summary judgment.  

After the
trial court struck Caprock Investment Corp. as the substituted plaintiff,
Caprock Investment Corp. did file motions and documents in the trial court using
the correct name, Caprock Investment Corp., including a second motion for
reconsideration of the order striking its substitution  as the party plaintiff and a motion for new
trial.  The trial court denied the
second motion for reconsideration.  The
trial court did not rule on the motion for new trial, and the motion was
overruled by operation of law.  








Caprock
Investment Corp. then appealed to this court and used its correct name in its
certificate of deposit of cash in lieu of cost bond and in its request to the
clerk for a transcript.  Thus, Caprock
Investment Corp. was the party appellant before this court in the first appeal,
and the style of the first appeal was Caprock Investment Corp. v. Federal
Deposit Insurance Corporation.[2]  However, for some reason, Caprock Investment
Corp. again mistakenly named itself Caprock Investments, Inc. in its appellant=s brief. 
Caprock Investment Corp. raised twelve points of error in the first
appeal.  In its first five points,
Caprock Investment Corp. complained that the trial court erred in striking its
intervention and pleadings.  In its
points of error six through eleven, it asserted that the trial court erred in granting
Montgomery=s and Stevens= motions for summary judgment. 
In its twelfth issue, it complained that the trial court erred in
failing to grant the FDIC-R=s motion for summary judgment. 
Caprock Investment Corp. did not raise a point of error complaining of
the granting of  MFC=s summary judgment, nor did it address MFC=s summary judgment in its brief.  We sustained points 1 through 5 because the
trial court had abused its discretion in denying Caprock Investment Corp.=s intervention, and we also sustained points
6 through 11 because the trial court had erred in granting summary judgment to
Montgomery and Stevens.   We overruled
point 12.  We reversed and remanded the
cause for further proceedings.  See
Caprock Investment Corp. v. Federal Deposit Insurance Corporation, supra.








After
remand, Caprock Investment Corp. did not amend its pleadings to correct the
error in its name but instead continued to rely upon the 8-year-old first
amended petition.[3]  MFC filed a motion asserting that, because
Caprock Investment Corp. had failed to appeal from MFC=s summary judgment, the trial court should
dismiss it from the suit.  The trial
court granted the motion and dismissed MFC from the suit.  Caprock Investment Corp. filed a motion and
a supplemental motion to set aside the dismissal.  Before Caprock Investment Corp. obtained a ruling on its motion
to set  aside the dismissal, it filed a
motion for summary judgment in its correct name against MFC, Montgomery, and
Stevens.  In the motion, Caprock
Investment Corp. asserted that MFC, Montgomery, and Stevens were co-makers on
the Note and, as a matter of law, liable on the Note.  On the day of the summary judgment hearing, the trial court
entered an order finding that Caprock Investment Corp.=s motion to set aside MFC=s dismissal should be granted.  Two days later, the trial court entered an
order finding that Caprock Investment Corp.=s motion for summary judgment should be granted; but, later, the trial
court entered its final judgment in favor of ACaprock Investments, Inc.@ against MFC, Montgomery, and Stevens. 
In the final judgment, the trial court awarded the following:  principal in the sum of $154,349.16;
prejudgment interest through February 16, 2001, in the sum of $243,087.90;
prejudgment interest at the rate of 10.5 percent per annum from February 17,
2001, until the final judgment was entered; attorney=s fees and expenses in the sum of $95,559.93
and the further sum of $10,000.00 in the event that MFC, Montgomery, and
Stevens filed an appeal; and post-judgment interest at the rate of 10 percent
per annum.  MFC and Montgomery appealed
the final judgment to this court; Stevens did not appeal.[4]  

                                                       Issues
Presented in this Appeal

MFC and
Montgomery present eleven issues for review. 
We need only address three issues. 
In their second issue, MFC and Montgomery complain that the trial court
erred by setting aside the order of dismissal and rendering summary judgment
against MFC.  In their third issue, they
complain that the trial court erred by rendering summary judgment against
them.  In their eighth issue, they
complain that the trial court erred in rendering summary judgment because there
are fact issues regarding the amount due on the Note.      

                                                               Standard
of Review

This case involves a traditional motion for summary
judgment; it does not involve a no- evidence motion for summary judgment.  When reviewing a traditional motion for
summary judgment, the following standards apply:  (1) the movant for summary judgment has the burden of showing
that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law; (2) in deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the non-movant and any doubts resolved in its favor.  TEX.R.CIV.P. 166a; Goswami v. Metropolitan
Savings and Loan Association, 751 S.W.2d 487, 491 (Tex.1988); Nixon v. Mr.
Property Management Company, Inc., 690 S.W.2d 546, 548-49 (Tex.1985); City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 676 (Tex.1979).








A trial court should grant a motion for summary
judgment if the moving party establishes that no genuine issue of material fact
exists and that the moving party is entitled to judgment as a matter of
law.  Rule 166a(c); Lear Siegler, Inc.
v. Perez, 819 S.W.2d 470, 471 (Tex.1991). 
Once the movant establishes a right to summary judgment, the non-movant
must come forward with evidence or law that precludes summary judgment.  City of Houston v. Clear Creek Basin
Authority, supra at 678-79.  If the
movant fails to establish a right to summary judgment, the non-movant is not required
to come forward with anything to defeat the motion for summary judgment.  City of Houston v. Clear Creek Basin
Authority, supra at 678-79.  When an
appellant challenges the propriety of a summary judgment on specific grounds,
the appellate court may only consider those grounds.  Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121
(Tex.1970).  But where an appellant
challenges the propriety of the summary judgment on the broad ground that the
trial court erred in granting summary judgment, as in Montgomery’s and MFC’s
third issue, the appellate court is allowed to review all possible grounds of
trial court error and all reasons why the summary judgment should have been
denied.  Star-Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex.1995); Malooly Brothers, Inc. v. Napier, supra at 121.

                                                                     Res
Judicata

MFC and
Montgomery assert that, although the trial court signed an order on February 5,
2001, reciting in part that Caprock Investment Corp.=s motion to set aside MFC=s dismissal should be granted, there is no
order granting the motion.  It does
appear from the record that the trial court did not reinstate MFC as a party
before the trial court entered summary judgment against it.  There is, however, a more substantive reason
for reversing the summary judgment against MFC.  








MFC
argues, and we hold, that res judicata bars Caprock Investment Corp.=s claims against MFC.  ARes judicata precludes relitigation of claims that have been finally
adjudicated, or that arise out of the same subject matter and that could have
been litigated in the prior action.@  Amstadt v.  United States Brass Corporation, 919 S.W.2d
644, 652 (Tex.1996); citing Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628
(Tex.1992).  Res judicata requires proof
of three elements: (1) a prior final judgment on the merits by a court of
competent jurisdiction; (2) identity of parties or those in privity with them;
and (3) a second action based on the same claims that were raised or could have
been raised in the first action. 
Amstadt v. United States Brass Corporation, supra at 652.  

 In its first appeal in this case, Caprock
Investment Corp. did not challenge the summary judgment in favor of MFC.  Caprock Investment Corp. raised points of
error complaining of Montgomery=s and Stevens=
summary judgments, but it did not assign any error to MFC=s summary judgment.  See Caprock Investment Corp. v. Federal Deposit Insurance
Corporation, supra at 711-12.  An
appellate court cannot reverse a trial court=s judgment absent properly assigned error.  Pat Baker Company, Inc. v. Wilson, 971 S.W.2d 447, 450
(Tex.1998); Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex.1993).  Because Caprock Investment Corp. did not
appeal from MFC=s summary judgment, the summary judgment is a
final judgment on the merits and res judicata. 
Pines of Westbury, Ltd. v. Paul Michael Construction, Inc., 993 S.W.2d
291, 294 (Tex.App. - Eastland 1999, pet=n den=d). 

The trial
court entered MFC=s
summary judgment after it struck Caprock Investment Corp.=s intervention.  Res judicata bars Caprock Investment Corp.=s claims against MFC, whether or not Caprock Investment
Corp. was a party to MFC=s summary judgment, because Caprock Investment Corp. was in privity
with the FDIC.   For res judicata
purposes, a party can be in privity with another party if the party is a
successor in interest to the other party, deriving its claims through the other
party.  See Amstadt v. United States
Brass Corporation, supra at 652. 
Caprock Investment Corp. was the successor in interest to the FDIC and
derived its claims under the Note from the FDIC.  Under these facts, Caprock Investment Corp. was in privity with the
FDIC.

Because
res judicata bars Caprock Investment Corp.=s claims against MFC, the trial court erred in setting aside MFC=s dismissal and rendering summary judgment
against MFC.  We sustain Montgomery=s and MFC=s second issue.

Caprock
Investment Corp. Failed to Prove the Amount Due on the Note  








As the
summary judgment movant, Caprock Investment Corp.=s summary judgment burden under its only theory of liability was to
establish four elements as a matter of law: (1) the existence of the Note; (2)
that MFC and Montgomery  signed the
Note; (3) that it is the legal owner and holder of the Note; and (4) that a
certain balance is due and owing on the Note. 
See Edlund v. Bounds, 842 S.W.2d 719, 724 (Tex.App. - Dallas 1992, writ
den=d); Clark v. Dedina, 658 S.W.2d 293, 295
(Tex.App. - Houston [1st Dist.] 1983, writ dism=d).  MFC and Montgomery assert
that Caprock Investment Corp. failed to establish the fourth element of its
claim against them:  the amount due and
owing on the Note.    

Caprock
Investment Corp. offered the affidavit of Craig Bryan in support of its claim
that the outstanding balance due on the Note was $395,394.60, including
principal of $154,349.16 and interest of $241,045.44.  The Note provided for a variable interest rate, with an initial
interest rate of 10.75 percent per year and a future interest rate of 1 percent
over the TB&T base rate.  Bryan=s affidavit does not establish the interest
rate that he used to calculate the claimed balance due.  Bryan apparently based his affidavit
testimony on a chart that was attached to his affidavit, but the affidavit
makes no reference to the chart.  He
apparently used the interest rates that are set forth under a column entitled ATB&T Rate@ in the chart.  There is no
explanation as to why Bryan used the interest rates that he did or why he may
have used the ATB&T Rate.@  TB&T failed in 1989.  After it failed, there was no ATB&T Rate.@

When a
variable interest rate in a note is tied to a failed bank=s prime or base rate, Athe trier of fact should apply a >reasonable= rate of interest, considering the facts of each case.@ 
Bailey, Vaught, Robertson and Company v. Remington Investments, Inc.,
888 S.W.2d 860, 866 (Tex.App. - Dallas 1994, no writ); see also Commercial Services
of Perry, Inc. v. Wooldridge, 968 S.W.2d 560, 564 (Tex.App. - Fort Worth 1998,
no pet=n). 
In Bailey, the court explained:

The trier
of fact should determine what rate of interest is reasonable....In this case,
there is no summary judgment evidence regarding a reasonable rate of interest
as a substitute for the interest rate stated in the note.  Reasonableness is generally a fact
question....Because there is no summary-judgment evidence establishing the
applicable prematurity rate of interest as a matter of law, Remington failed in
its summary-judgment burden to establish the amount due on the note.

 

Bailey, Vaught, Robertson
and Company v. Remington Investments, Inc., supra at 866-67.  Caprock Investment Corp. likewise failed to
establish an applicable interest rate as a matter of law and, therefore, failed
in its summary judgment burden to establish the amount due on the Note.  








 We sustain MFC=s and Montgomery=s third and eighth issues. 
Because Caprock Investment Corp. failed to meet its summary judgment
burden,  MFC and Montgomery did not have
the burden to come forward with any evidence to defeat the motion for summary
judgment.   Therefore, we do not address
MFC=s and Montgomery=s other issues.            

                                                                This
Court=s Ruling

We reverse
the judgment of the trial court and remand this cause for further proceedings.

 

TERRY McCALL

JUSTICE

 

September 26, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











     [1]The owner of the note in question and, therefore, the
proper party plaintiff is Caprock Investment Corp.  However, in a number of pleadings and documents, including its
latest petition in this case, Caprock Investment Corp. has mistakenly named
itself Caprock Investments, Inc.  This
mistake and the failure to correct it in the trial court has caused much
confusion, including the entry of judgment in the name of Caprock Investments,
Inc. 





     [2]Caprock Investment Corp.=s
appeal was premature because the trial court had not disposed of the causes of
action against Cook, Griffin, and LEOH Management Co.  Consequently, we abated the appeal.  After the abatement, the trial court severed the actions against
Cook, Griffin, and LEOH Management Co., and the appeal was reinstated. 





     [3]When Caprock Investment Corp. amends its petition to
correct the party name after this remand, its amended petition will relate back
to the date that TB&T filed its original petition.  See TEX. CIV. PRAC. & REM. CODE ANN. ' 16.068 (Vernon 1997). 
Caprock Investment Corp. is a successor in interest to TB&T and the
FDIC. Caprock Investment Corp. mistakenly misnamed itself  in its First Amended Petition.  We need not decide whether Caprock
Investment Corp.=s mistake was a Amisnomer@ or a Amisidentification.@  If a plaintiff
misnames itself in a timely filed petition and corrects the Amisnomer@ in a later
pleading, the later pleading relates back to the date of the earlier filing,
and limitations will not bar the suit. 
See Foust v. Estate of Walters, 21 S.W.3d 495 (Tex.App. - San Antonio
2000, pet=n den=d); Pierson v.
SMS Financial II, L.L.C., 959 S.W.2d 343, 347 (Tex.App. - Texarkana 1998, no
pet=n).  Even if
Caprock Investment Corp.=s mistake is considered a Amisidentification,@ a
subsequent amendment to correct its mistake would relate back to the date of
TB&T=s petition, and limitations would not bar a subsequent
amendment to correct its name.  See
Pierson v. SMS Financial II, L.L.C., supra at 347.   





     [4]After MFC and Montgomery filed this appeal, Caprock
Investment Corp. moved for two judgments nunc pro tunc to change the name of
the prevailing party in the final judgment from Caprock Investments, Inc. to
Caprock Investment Corp.  The trial
court granted both motions and entered two judgments nunc pro tunc.  In response, MFC and Montgomery filed two
mandamus actions in this court asserting, among other issues, that the trial
court improperly changed the party name because the change corrected a judicial
error.  Caprock Investment Corp.
responded that the trial court properly changed the party name because the
change only corrected a clerical error. 
Montgomery and MFC also appealed from the second judgment nunc pro
tunc.  Both mandamus actions and the
appeal from the second judgment nunc pro tunc are still pending.  Our reversal of the trial court=s final judgment in this appeal renders the final
judgment nonexistent; and, under this circumstance, there can be no judgment
nunc pro tunc or amendment or correction of the final judgment.  See King v. Cash, 174 S.W.2d 503, 504
(Tex.Civ.App. - Eastland 1943, no writ). 
A separate opinion to this effect in the mandamus actions and the appeal
from the second judgment nunc pro tunc is entered this day.