R.O. EVANS and Geneva Kincaid, Independent Executor and Executrix of the Will and Estate of Dollie Evans, Deceased, Appellants,

v.

Clifton EVANS, Appellee.

No. 9691.

Court of Appeals of Texas,
Texarkana.

Feb. 8, 1989.

Harold F. Curtis, Jr., Curtis & Paris, Greenville, for appellants.

G. C. Butler, Butler & Butler, Bonham, for appellee.

BLEIL, Justice.

The Estate of Dollie Evans sued Clifton Evans, the eleventh child of the decedent, to set aside a deed and release of lien based on undue influence, and to recover the balance due on the real estate note. Based on jury findings of no undue influence, the trial court rendered a take nothing judgment against the Estate. On appeal it complains only of the trial court's failure to award it judgment for the unpaid balance on the note together with attorney's fees and interest. We agree with the Estate's contentions.

Dollie Evans sold approximately 140 acres of land to Clifton Evans in May 1982 for $82,500.00, and in February 1983, after receiving the first annual payment, she executed a release of lien referencing that deed of trust and note. Clifton Evans did not record the release at that time, and continued to make payments until Dollie Evans died on September 25, 1986. He filed the release of lien three days later and made no additional payments to her estate, leaving an unpaid balance of $62,800.00.

The Estate sued Clifton Evans alleging that he exerted undue influence upon Dollie Evans and that, even if she had released the lien on the property, the underlying indebtedness still existed.

The jury did not find undue influence, nor did it find that Dollie Evans intended to release the balance due on the note when she executed the release of lien.

■ The lien against the property has been released. The question before this Court is whether the underlying indebtedness which the lien had originally secured has also been released by this document. The document categorically recites that the underlying indebtedness was paid in full:

> for and in consideration of the full and final payment of all indebtedness secured by the aforesaid lien or liens, the receipt of which is hereby acknowledged, has released and discharged, and by these presents hereby releases and discharges, the above described property from all liens held by the undersigned securing said indebtedness.

■ The general rule is that parol evidence is not admissible to contradict or vary the terms of written contracts or documents, and that when such documents are executed and delivered, they automatically become effective in accordance with the terms and purposes evidenced by the language in which they are written. There are exceptions to this general rule, however, and one of those exceptions is that parol evidence may be received to prove that the consideration recited in deeds or other written instruments was not in fact paid. *Lanier v. Faust,* 81 Tex. 186, 16 S.W. 994 (1891); *Keel v. Hoggard,* 590 S.W. 2d 939 (Tex.Civ.App.–Waco 1979, no writ). It has long been recognized that the recitation of consideration in the nature of a receipt can be explained or contradicted by parol evidence. *Lanier v. Faust,* 16 S.W. at 995. Although no special question was submitted on this point, the undisputed testimony of both appellants and appellee in the present case is that the note was never paid in full. Thus, the recitation in the release was rebutted by the testimony of all parties to the suit. Minimal consideration can be sufficient to support the release of a larger indebtedness where the intent to release is shown, but where the stated consideration is shown not to have been delivered, the debt is not extinguished. The Estate conclusively proved that the debt was not paid in the manner recited by the release. Under these circumstances, Evans was required to show that his mother intended to release the indebtedness despite his failure to fully pay the note. As a result of his failure to make this showing, there is no lien on the property, but the debt evidenced by the note is intact.

■ The Estate also argues that it is entitled to recover "reasonable attorney's fees" as contractually provided by the note. The real estate lien note does not provide for recovery of reasonable attorney's fees, but rather provides that when legal action is required to enforce payment, attorney's fees are set at ten percent of the amount of principal and interest owing at the time of default. Agreements to pay attorney's fees based upon a percentage of the unpaid balance and interest on a promissory note are not regarded as absolute promises to pay the contractual amount, but as contracts to indemnify the holder of the note for attorney's fees actually incurred in collecting the amount due on the note. *F.R. Hernandez Const. v. Nat. Bk. of Commerce,* 578 S.W.2d 675 (Tex.1979). However, the burden of proof of this affirmative defense is on the obligor to plead and prove that the contractual fee is unreasonable and that a lesser amount is reasonable under the circumstances. *Hernandez,* 578 S.W.2d at 678. This Clifton Evans has failed to do. The balance due at the time of default was $62,800.00. Accordingly, the Estate is entitled to recover $6,280.00 as attorney's fees under the note and interest as provided therein from the date of default until paid.

We hold that the trial court erred in failing to render judgment for the amount due on the promissory note. We reform the portion of the judgment dealing with the release of the indebtedness to provide recovery for appellants for the unpaid balance of $62,800.00, plus attorney's fees of $6,280.00, and interest as provided in the note.

As reformed, we affirm the judgment of the trial court.